[No. 12033.   Department Two.   January 4, 1915.]

R. L. WECHNER, *Administrator etc., et al., Appellants,* v.
H. G. DORCHESTER, *Respondent.*[1]

MORTGAGES—FORECLOSURE—SALE—REDEMPTION—SUBSEQUENT JUDGMENT SALES—RIGHTS OF PURCHASER—TITLE. Where a judgment creditor, having redeemed from a mortgage foreclosure sale cutting off his judgments, caused the property to be sold under execution on his judgments to D., and also afterwards assigned to D. his certificates of redemption from the mortgage foreclosure sale, such execution sales passed no more than a right to redeem from the mortgage foreclosure sale, time for which redemption was not extended by the executions upon the judgments; and D. was accordingly entitled to demand the sheriff's certificate of sale on foreclosure, after expiration of the period of redemption, although in the meantime he had sold his interests by virtue of the judgments and execution sales thereunder to a third party, with notice of all the proceedings.

SAME—RIGHT OF ASSIGNEES OF JUDGMENT—ESTOPPEL. In such a case, there being no fraud alleged and all the parties having full notice of all the proceedings and the state of the title, the assignment and sale of whatever rights the judgments or the sales thereunder carried, without any intention to release the rights secured by redemption from the mortgage foreclosure sale, does not estop the assignee of the redemptioner from the mortgage foreclosure sale to assert that his assignment and sale of all interests under the judg-

[1]Reported in 145 Pac. 197.

ments did not convey the title to the land; since estoppel does not operate where all parties had equal knowledge, and no misrepresentations or attempts to deceive were made.

Appeal from a judgment of the superior court for Clarke county, Donald McMaster, Esq., judge *pro tempore*, entered August 22, 1913, upon findings in favor of the defendant, in an action to quiet title, tried to the court without a jury. Affirmed.

*Miller, Crass & Wilkinson*, for appellants.

*H. W. Arnold*, for respondent.

MOUNT, J.—This action was brought to cancel a deed upon certain real property, and to quiet the title thereto in the plaintiffs. Upon issues joined, the cause was tried to the court without a jury. Findings of fact were made and a judgment was entered awarding the plaintiffs $665.47, with interest thereon, but denying a cancellation of the deed, and refusing to quiet the title in the plaintiffs. The plaintiffs have appealed.

The principal facts in the case are stipulated and are in substance as follows, stated in chronological order: In the year 1908, Oliver Walling and others were the owners of the tract of land in controversy, in Clarke county, Washington. The owners had executed and delivered two mortgages upon their real estate, one in favor of one Laverdieur, and the other in favor of one McKenna. These mortgages were duly recorded. Subsequent to the mortgages, three judgments were obtained against the mortgagors in favor of one J. P. Johnson. These judgments will be hereafter referred to as the Johnson judgments.

In January, 1909, an action was brought to foreclose the mortgages. The mortgagors and their judgment creditors were all made parties. While that action was pending, and on March 3, 1909, the owners, by quitclaim deed, conveyed all their interest in the property to one F. V. Arnold, who had notice of the foreclosure proceedings and purchased subject

thereto. Thereafter, on August 14, 1909, the mortgaged property in question was sold under a decree of foreclosure and bid in by J. J. Attridge. The mortgaged property at this sale brought enough to satisfy the mortgages, but there was nothing to apply upon the Johnson judgments.

On March 22, the Johnson judgments were assigned to one Epperson. And on March 26, 1910, Epperson gave notice of intention to redeem from the purchaser at the mortgage sale. Afterwards on March 31, 1910, Epperson redeemed by paying the amount of the selling price with interest to J. J. Attridge, the purchaser at the mortgage sale.

Thereafter on April 26, 1910, Arnold conveyed, by quitclaim deed, his interest in the property to J. J. Attridge. On August 13, 1910, Epperson being the owner of the Johnson judgments and having redeemed from the mortgage sale as hereinbefore stated, caused an execution to be issued on the Johnson judgments, and the real estate in question was sold under this execution to the defendant H. G. Dorchester. On November 15, 1910, Epperson sold and assigned to Dorchester the certificate of redemption under the mortgage foreclosure above referred to. All these sales and assignments above referred to were duly recorded in the auditor's office of Clarke county where the property was situated. All the parties at all times had full notice of these conveyances.

On December 26, 1910, at the request of Attridge and his counsel, Dorchester sold his interest in the Johnson judgments and the certificate of sale thereunder to Attridge for the sum of $665.47, being the price Dorchester had paid. On May 1, 1911, Dorchester, under his certificate of redemption from the mortgage sale, demanded and received a sheriff's deed for the property in question. This action was brought to set aside this deed. As stated above, the trial court concluded that the sheriff's deed of May 1, 1911, conveyed in fee the title of the property in dispute to the defendant Dorchester; but found that the sale of the interest in the Johnson judgments to Attridge for $665.47 was without

consideration and, therefore, ordered this money returned. The appeal is prosecuted from that judgment. The defendant did not appeal.

It is apparent from this statement of facts, which are agreed to, that the only interest which Attridge had to the property in dispute was acquired under the sale of the property by virtue of the Johnson judgments. It is conceded by the appellants, as we understand, on the briefs, that the Johnson judgments were simply liens upon the real estate, subject to the mortgage liens, and that these liens gave the right of redemption within the statutory period, which is one year from the date of sale. Rem. & Bal. Code, § 595 (P. C. 81 § 935). And it is also apparently conceded that an execution issued upon these judgments did not and could not extend the time for redemption. The execution upon the Johnson judgments clearly conferred no new rights upon the holders of these judgments. The defendant Dorchester regularly obtained title to the land in question at the time the sheriff's deed was issued on May 1, 1911, by virtue of the mortgage foreclosure. He was also the holder of the sheriff's certificate of sale under the subsequent Johnson judgments. At this time the right of redemption of any party or any subsequent purchaser with notice had fully expired. The plaintiff Attridge, who was the first purchaser at the mortgage sale, and from whom the property had been redeemed, had acquired a supposed interest from Mr. Arnold. The only interest which he acquired from Arnold was clearly a right to redeem within the year, which he did not do. His rights from that source were then lost.

Counsel for the appellants make some contention in their brief to the effect that Attridge was induced by fraud to purchase the certificate of sale under the Johnson judgments; and also that the defendant Dorchester is estopped to say that the title to the property was not sold to Attridge for the sum of $665.47 when the certificates of sale under the Johnson

judgments were sold. There is no merit in either of these contentions. No fraud is alleged in the complaint, and clearly no fraud was proven. All the parties who had anything to do with the transaction knew of all these transfers. At the time Dorchester sold the certificate of sale under the Johnson judgments to Attridge for $665.47, Mr. Attridge was represented by counsel who knew all the facts, who had examined the records, was informed of all these conveyances, and presumably knew the effect of the conveyances. They sought the purchase, which was not offered to them. It was not intimated or intended at the time of this sale that Dorchester was releasing his rights to a deed under the foreclosure sale. He sold whatever rights the Johnson judgments, or the sale under the Johnson judgments carried, and nothing more. We are satisfied that when Attridge purchased the certificates under the Johnson judgments he knew just what he was purchasing. In order to create an estoppel it is necessary that:

"The party claiming to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of facts, but was also destitute of any convenient and available means of acquiring such knowledge; and that where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel." 11 Am. & Eng. Ency. Law (2d ed.), p. 434.

See, also, *Globe Nav. Co. v. Maryland Casualty Co.*, 39 Wash. 299, 81 Pac. 826. The evidence upon this question is clear and certain to the effect that all the parties had equal knowledge. Dorchester knew what he was selling; Attridge knew what he was buying; both were dealing at arm's length; and neither made any representations, or attempted to deceive the other, unless Attridge supposed that in buying the certificate of sale under the Johnson judgments he might acquire some advantage over the holder of the certificate under the mortgage sale. We are satisfied from a review of the whole record that the trial court properly refused to set

aside the sheriff's deed of May 1, 1911, to Mr. Dorchester.
The judgment is therefore affirmed.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.