[No. 16938. Department Two. June 6, 1922.]

## Z. P. MUSTAR et al., *Respondents,* v. C. E. RUSSELL et al., *Appellants.*[1]

CONTRACTS (179)—LANDLORD AND TENANT (6)—AGREEMENTS FOR LEASES—BREACH—REASONABLE TIME. A contract to erect and lease a building, made April 1st, fixing no time limit, is not breached by failure to start the building by June 23rd, the same not being a reasonable time, where the failure to proceed was due to an inability to secure a loan at the rate of interest contemplated by the parties, the efforts to secure which were still prosecuted and the contract not abandoned.

LANDLORD AND TENANT (6)—AGREEMENT FOR LEASE—BREACH. An owner's informal contract to erect and lease a building at a fixed rental for a period of ten years, upon which the lessee was to advance $5,000 when the building was half done, is not breached by the owner's refusal to sign a formal lease before the construction of the building was commenced.

FRAUDS, STATUTE OF (44)—OPERATION AND EFFECT—ORAL MODIFICATION. A written contract for the erection of a building and lease for a period of ten years, valid under the statute of frauds, cannot be modified by a subsequent unsigned or oral contract.

[1]Reported in 207 Pac. 225.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered June 17, 1921, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Reversed.

*P. C. Kibbe* and *Vance & Christensen,* for appellants.
*Coleman & Forgarty,* for respondents.

MAIN, J.—The plaintiffs, by this action, seek to recover from the defendants the sum of $7,000 and interest thereon. The trial before the court .without a jury resulted in findings of fact, conclusions of law and a judgment sustaining a recovery. From this judgment, the defendants appeal.

On the first day of April, 1920, the respondents, Z. P. Mustar and J. H. Weber, under the name of Mustar Motor Company, were dealers in automobiles in the city of Everett. The appellants are husband and wife, and resided in Tenino, Washington, where they owned and operated a shingle mill. The appellants were the owners of three lots in the city of Everett, which will be referred to as the Wetmore property, and desired to erect thereon a garage and lease the same. The respondents desired to move from the location in which they were doing business, but did not desire to lease a building on the property owned by the respondents. Negotiations were had between the parties which, on April, 1920, resulted in a written agreement wherein the respondents and one H. S. Wright agreed to acquire and convey to the appellants four lots in the city of Everett at the corner of Wall street and Rucker avenue, which property will be referred to as the Rucker avenue property. In consideration of the conveyance of this property to the appellants the latter were to convey to the respondents and Wright the Wetmore property. The agreement was signed by the respondents, Wright, and C. E. Russell. It provided

for the erection of a garage upon the Rucker property and specified in a general way the size and character of the building and fixed the rental. The Rucker property was acquired and conveyed to the appellants; Wright not advancing his portion of the purchase price, the appellants paid the same, which was the sum of $3,500. Wright was an architect and builder and was to superintend the construction of the building. The contract contained no limit of time within which the building was to be completed.

After the execution of the contract, Wright proceeded with the excavation for the building, for which on April 29 he was paid by the appellants approximately the sum of $4,000. The building to be erected was to cost about $50,000. In order to carry out the contract it was necessary for the appellants to borrow $30,000. After the contract was made, they made diligent effort to borrow this money in the cities of Seattle, Tacoma and Everett, but were unable to get it, apparently on account of the rate of interest being greater than they had contemplated paying. The rent for the building, as testified to by the appellants, was fixed on the basis of securing money at approximately six or six and a half per cent. On about the first of June, the respondents served notice upon the appellants to proceed immediately with the erection of the building, and signed a more formal contract, which was then presented them, than the one above referred to. This latter contract was one which was drafted on about April 16, after conference between the parties, but was not signed by any one. Whether it be considered a lease for the building or merely a more formal contract and an agreement for a lease is not material. The appellants did not sign this contract, but at all times continued their efforts to borrow the money for the erection of the building. On June 23,

1920, the summons and complaint were served upon the appellants and recovery sought by the respondents of the $7,000 which they had invested in the Rucker property, upon which the building was to be erected and title to which was conveyed to the appellants. Prior to the time of the service of the demand referred to, the appellants had tendered to the respondents a deed to a two-thirds interest in the Wetmore property, which was declined, the position of the appellants being that, since the respondents had paid for only a two-thirds interest in the Rucker property and they had paid the other third, which should have been paid by Wright, they were not required to convey more than a two-thirds interest in the Wetmore property to the respondents, and were not required to convey any portion thereof to Wright because he had not advanced anything for the Rucker property.

It is the theory of the respondents that the appellants had breached the contract by failing, within a reasonable time, to proceed with the erection of the building, and by failing to execute the agreement drafted on April 16, when the demand was served upon them to do so. Before the respondents are entitled to recover it is incumbent upon them to show that the appellants had breached the contract. The first question to be considered is whether the appellants had failed to proceed with the erection of the building within a reasonable time. At the time the contract of April 1 was made, the respondents were occupying the building, the lease of which would expire on January 1, 1921. Wright, who may be considered as an adverse witness so far as the appellants are concerned, testified that the building could be erected within a period of ninety days, and probably could have it done in less time than that. It does not appear from this testimony whether the ninety-day period would include

the excavation or not. It will be assumed, however, that it would. The contract was made on April 1. The action was brought on June 23. It thus appears that the ninety-day period had not elapsed before the action was instituted, assuming that this would be the test.

In determining what would constitute a reasonable time within which to perform the contract, all the pertinent facts and circumstances should be taken into consideration. The trial judge, as shown by his oral opinion delivered at the conclusion of the trial, was of the opinion that the respondents were not entitled to judgment because of the failure of the appellants to proceed with the erection of the building within a reasonable time.

Without reviewing the evidence in detail, it may be said that we concur in this view. It is plain from the record that the appellants had at no time abandoned or refused to go forward with the contract, but diligently prosecuted their efforts in an endeavor to secure a loan. A reasonable time had not elapsed when the action was begun, it being accepted by both parties that, since the contract mentioned no time, the law would fix a reasonable time. The respondents rely upon the rule stated in *Lake Shore & Michigan Southern R. Co. v. Richards,* 152 Ill. 59, 38 N. E. 773, 30 L. R. A. 33, to the effect that a breach of a contract which will justify the party not in default in suing for such breach need not be of such a character as to render the further execution of the contract impossible. But if the other party refused to treat it as subsisting and binding upon him, or by his act or conduct shows that he has renounced it, there is in legal effect a breach which would justify an action. The evidence in this present case does not bring it within the rule. The appellants at all times treated the contract as subsist-

ing and binding upon them and their conduct was such as to show that they had not renounced it.

The trial court was of the opinion that the appellants, in refusing to sign the agreement presented at the time of the demand, and which was drafted on April 16, had breached the contract to make a lease, and therefore, for this reason, the respondents were entitled to recover. It will be remembered that the agreement, neither at the time it was drafted, nor at any other time, had been signed by any of the parties. The signed agreement, that of April 1, contained two clauses which will be referred to. It was provided therein that C. E. Russell, one of the signers, would ''erect a three story building on lots on the northeast corner of Wall and Rucker avenues, to be occupied by the Mustar Motor Company for a period of five years at a rent of $650 per month.'' The other clause is ''Mustar Motor Company to put up $5,000 to guarantee rent, to be furnished to Mr. Russell when building is half done, for which he is to pay seven per cent per annum semi-annually.'' From the first clause quoted it appears that Russell was to erect the building, which was to be occupied by the Mustar Motor Company for a period of years and at the rent specified. By the second clause, the Mustar Motor Company, when the building was half done, was to put up the $5,000 as there specified. There is nothing in this contract which requires the appellants to execute a lease or more formal contract prior to the time that the building was at least half done. When the demand was served, the construction upon the building had not been commenced, and, as we concluded above, had not been delayed for an unreasonable length of time. There was no legally binding agreement upon the parties which would require the appellants to execute a lease at the time the demand was served. There was

oral testimony as to the circumstances under which the contract of April 16 was prepared. This contract was more formal and differed from the other with reference to the term for which the respondents would have a right to occupy the building. The first agreement specified five years, and this one ten years.

It will not be contended that a contract to erect the building upon real property and make a lease thereof for a period of ten years is valid under the statute of frauds unless it be in writing. The contract of April 1 was either valid under the statute of frauds or void. If it were valid, being one which is required to be in writing, it could not be modified subsequently except in writing signed by the parties, or an executed oral contract. *McInnis v. Watson,* 116 Wash. 680, 200 Pac. 578; *Oregon & Washington R. Co. v. Elliott Bay Mill & Lumber Co.,* 70 Wash. 148, 126 Pac. 406. This case does not come within the rule of either of those cases. The agreement of April 1 was not modified by the subsequent writing which was not signed by the parties, and was not modified by a subsequently executed oral agreement. If the contract of April 1 be assumed not to be good under the statute of frauds, then the basis of the respondents' action fails and no recovery could be had.

It is apparent therefore that the action was prematurely brought and must result in a reversal and the direction that it be dismissed, and it is so ordered.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.