[No. 25096. Department Two. January 29, 1935.]

CITY MORTGAGE COMPANY, *Plaintiff*, MINNIE L. RICHARDSON, *Appellant,* v. EARL DILLER, *as Executor, et al., Respondents.*[1]

*S. E. Katopothis* and *Henry W. Parrott,* for appellant.

*C. Norman Dickison* and *W. L. Bar,* for respondents.

BLAKE, J.—Winifred Diller (now deceased) and the defendants Earl Diller and Lena Dickison were owners of real property in Seattle known as the "Diller Hotel." March 26, 1928, they executed a ten-year lease on the property to defendant K. Okazaki. The rent reserved was $575 a month. The lease contained a chattel mortgage provision covering the furnishings then in the hotel and such as might thereafter, during the term of the lease, be brought in and used in the operation of the hotel.

[1]Reported in 40 P. (2d) 164.

August 24, 1931, the plaintiff Minnie L. Richardson succeeded to the rights of Okazaki as lessee. She continued in possession until February 4, 1932, paying the rent reserved. That night she moved the furniture out. A day or two later, she moved the furniture back in. Thereafter, to and including November, 1932, she paid three hundred dollars a month rent. Threatened with eviction for refusal to pay $575 for the month of December, as provided in the lease, she brought this action to enjoin the lessors from starting ejectment proceedings, and for a reformation of the lease to the effect that the rent should be three hundred dollars a month for the balance of the term.

She alleged that she had been induced to move the furniture back into the hotel in February under an agreement with one C. Norman Dickison, acting as agent for the lessors, that the rent was to be three hundred dollars a month until August 1, 1932, and that, if business conditions improved by August 1, the rent should thereafter be four hundred dollars per month, but that, if business conditions did not improve, the rent should continue at three hundred dollars per month until the end of the term. She also alleged that, relying on this agreement with Dickison, she sub-let the property to defendant Kelley, at a rental of three hundred dollars a month. A copy of the sub-lease was attached to and made a part of the complaint.

The lessors, Diller and Dickison, joined issue, denying the material allegations of the complaint; and by way of cross-complaint and counterclaim sought recovery of rent at the rate of $575 a month from December 1, 1932, and foreclosure of the chattel mortgage on the hotel furnishings.

Plaintiff filed a reply which, in an aspect unnecessary to note here, was a complete departure from the cause of action set up in the complaint. In other re-

spects, the reply merely reasserted the position taken in the complaint.

When the case was called for trial, the defendants challenged the sufficiency of the complaint. The court, after hearing counsel's opening statement, declined to receive any evidence in support of the complaint. The cause proceeded to trial on the counterclaim and cross-complaint. Judgment was entered dismissing the complaint and awarding defendants judgment for rent due at the rate of $575 per month and foreclosure of the chattel mortgage provisions of the lease. Plaintiff appeals.

Appellant makes several assignments of error, but, as we understand it, there are but two propositions presented: (1) That respondents are estopped to deny that the rent was reduced from $575 to three hundred dollars per month; (2) that there was such a part performance of the agreement for reduction in rent, alleged to have been entered into by Dickison, as agent for the lessors, as to remove the ban of the statute of frauds.

The first contention is based upon allegations in the complaint to the effect that the lessors knew that appellant was negotiating with Kelley for a sub-lease for two years at a rental of three hundred dollars a month; that they permitted her to enter into the sub-lease without protest and without any indication that they would hold her or Kelley to the payment of rent in excess of that amount. The difficulty of it is, however, that the sub-lease from appellant to Kelley, on its face, shows the contrary, thus making the allegation in the complaint proper a mere conclusion of the pleader. The sub-lease contained the following provision:

"Second party [Kelley] agrees to pay to the owners or their agents, on the first day of each and every

month during said term of two years, the rental to become due said owners of the Diller Hotel in accordance with the lease between said owners and S. Kuromiya and K. Okazaki, or such reduced rental now agreed on as evidenced by letter from said owner, a copy of which letter is hereto attached, and/or such further reduced rental to which said owners may hereafter agree; it is understood, however, that first party does not guarantee any rent reduction from said owners.''

The letter referred to was one written in February, 1932, by Dickison to the collecting agents of the lessors, directing them to rebate to the lessee by check $275 a month from January to July, inclusive, 1932, and $175 per month from August to November, inclusive, 1932. The letter concludes with this language:

''This change and variation is only as herein expressed, otherwise the lease and all the conditions and securities thereof remains as now existing and written therein.''

The letter, by copy, as well as the sub-lease to Kelley, was made a part of the complaint. So it is apparent from the face of her pleading that appellant was not misled to her damage by any word, act, or conduct on the part of the lessors. An essential element of estoppel is, therefore, absent from the complaint.

The contention that there was a part performance of the oral agreement with Dickison, sufficient to take it out of the statute of frauds, is without merit. This court was early committed to the doctrine that contracts required by law to be in writing may not be modified by parol. *Spinning v. Drake,* 4 Wash. 285, 30 Pac. 82, 31 Pac. 319; *Thill v. Johnston,* 60 Wash. 393, 111 Pac. 225. The rule has been recognized and applied in cases involving leases required by law to be in writing. *McInnis v. Watson,* 116 Wash. 680, 200 Pac. 578; *Muster v. Russell,* 120 Wash. 365, 207 Pac. 225. Excep-

tion has been made where such parol agreements modifying such contracts or leases have been fully executed. *Gerard-Fillio Co. v. McNair,* 68 Wash. 321, 123 Pac. 462; *Conlan v. Spokane Hardware Co.,* 117 Wash. 378, 201 Pac. 26. In the latter case, however, the general rule was recognized in the following language:

"It may be that, in this instance, since the contract of reduction was oral and since the term extended for a longer period than one year, either party could have repudiated its further operation so long as it was executory."

This statement accords with the rule stated in our own cases, and is supported by the weight of authority. A lessor is bound by a parol agreement, modifying the covenant to pay rent, contained in a lease required by law to be in writing, only in so far as such oral agreement has become executed. *Coe v. Hobby,* 72 N. Y. 141, 28 Am. Rep. 120; *McKenzie v. Harrison,* 120 N. Y. 260, 24 N. E. 458, 17 Am. St. 638, 8 L. R. A. 257; *Sinnige v. Oswald,* 170 Cal. 55, 148 Pac. 203. In the latter case, the rule is thus stated:

"The finding that there was no change in the terms of the lease in the alleged particular of reducing the rent is sustained by the evidence. Concessions of the kind that were shown by the defendants, when supported by a consideration, are valid to the extent that a lower rent has been tendered and accepted as satisfaction in full of the installments thus paid. They are not sufficient to establish a change in the written contract so as to affect the amount of future installments of rent where no such change of terms has been made in writing."

Judgment affirmed.

BEALS, HOLCOMB, STEINERT, and MITCHELL, JJ., concur.