[No. 28315. Department One. September 15, 1941.]

EVELYN HANSEN, *Appellant*, v. CENTRAL INVESTMENT COMPANY, *Respondent*.[1]

*A. E. Dailey*, for appellant.

*Newton & Newton* and *Wm. A. Johnson*, for respondent.

MAIN, J.—This action was brought to recover damages for what is alleged to have been a wrongful eviction. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that the plaintiff had no right to any damages. From the judgment dismissing the action, the plaintiff appealed.

The respondent is a corporation organized under the laws of this state, and is the owner of a building in the city of Everett. August 27, 1937, it leased to the appellant three rooms in the building, which were to be used as a beauty parlor. This lease, by its express terms, expired on the thirty-first day of August, 1939.

October 8, 1937, the parties entered into what is designated as a "modification of lease." This agree-

[1]Reported in 116 P. (2d) 839.

ment provided that, at any time and from time to time during the life of the lease, the lessor, the respondent, upon three months' written notice to the lessee, the appellant, should have the right to increase the rent to correspond with the rates of rental at that time for similar office space in the building; that, in the event of the increase of rent, the lessee should have the privilege and option either to pay such increase or vacate the premises; that, providing the lease was in good standing July 31, 1940, and the lessee was not in default, the lessee should have the option to continue the lease for an additional three years from September 1, 1940; and that the agreement was to be attached to, and made a part of, the lease dated August 27, 1937.

August 31, 1939, at the expiration of the original lease, the respondent gave notice to the appellant to vacate the premises. The original lease was acknowledged before a notary public at the time it was executed. The modification agreement was at no time acknowledged. After receiving the notice, the appellant voluntarily vacated the premises in response thereto. She did not wait to be evicted by legal proceedings or bring any action to test her right to the future occupancy of the rooms.

The only question presented upon this appeal is whether the modification agreement should have been acknowledged before a notary public.

Rem. Rev. Stat., § 10618 [P. C. § 3553], provides that leases "shall be legal and valid for any term or period not exceeding one year, without acknowledgment, witnesses, or seals."

In the case of *Omak Realty Investment Co. v. Dewey,* 129 Wash. 385, 225 Pac. 236, it was distinctly held that a lease of real estate for a period longer than one year, unacknowledged, only created a tenancy from month

to month, and that the same rule applied to a contract to execute a lease. The present case is controlled by the holding in that case.

The appellant relies, principally, upon the case of *Spotts v. Westlake Garage Co.*, 116 Wash. 255, 199 Pac. 294. But that case differs from this, in that, there, the lease was acknowledged, properly, five days after it was executed, and it was there held that the acknowledgment was good. In this case, as pointed out, the modification agreement was at no time acknowledged.

The other cases cited by the appellant have no bearing upon the question here presented, as they do not in any manner refer to the necessity of acknowledgment and the effect of a failure to acknowledge.

The judgment will be affirmed.

ROBINSON, C. J., STEINERT, BLAKE, and DRIVER, JJ., concur.