[No. 34951. Department One    February 18, 1960.]

CORSON CORPORATION, *Respondent,* v. FRONTIER, INC., *Appellant.*[1]

———

[1] Reported in 349 P. (2d) 424.

Gerald D. Hile and Alvin J. Ziontz, for appellant.

Monheimer, Schermer & Mifflin, for respondent.

FINLEY, J.—This is an action for unlawful detainer based upon a claim by the respondent lessor of nonpayment of rent by the appellant corporation, lessee under a written lease for a term of ten years, of a certain tract of land in Seattle. The land in question contains a service station, and is a part of a larger tract which the respondent, prior to the execution of the lease in question, had itself leased from the King county property department. With respect to rental, the lease of the service station property provides as follows:

"3. Rental. Lessee agrees to pay monthly as rental for said premises as follows:

"(a) An amount equal to one cent (1¢) a gallon on the volume of gasoline sold each month, and

"(b) An amount equal to four per cent (4%) of the gross retail and wholesale sales other than gasoline for each calendar month; provided, however, that the minimum rental to be paid for each month is Six Hundred Dollars ($600.00).

"Lessee further agrees it will pay monthly an additional rental of one-eighth (⅛) of one per cent (1%) on all gross sales, both retail and wholesale, and including all sales of gasoline, less state and federal taxes.

"*All rentals due under this lease shall be paid to King County Property Department to the extent that said payments are equal to or less than $1,252.00 per month, and such rental shall be transmitted as agent of Buford Enterprises, Inc.*" (Italics ours.)

Claiming that appellant was in default in the payment of rent for the months of November and December 1957 and January 1958, respondent, on January 25, 1958, served notice to pay rent or vacate. Subsequently, on March 18,

1958, respondent instituted this action for unlawful detainer. Appellant denied that it was in default in the payment of rent. In support of this denial it was alleged that the appellant corporation and its president, Buford V. Seals, were holders of certain promissory notes issued by the respondent, and that, on or about December 19, 1957, the parties had entered into an oral agreement whereby the rental then due and thereafter accruing was to be credited by the appellant against the amount due on the notes. No allegation was made that this oral agreement had been executed.

Over the respondent's objection the trial court admitted evidence of the alleged oral agreement, including some but not all of the notes upon which the lessee relied. The only testimony relating to the agreement itself was given by Seals, appellant's president, and Andrew G. Bennett, who is the respondent's president. This testimony was in direct conflict. The case was submitted to the jury, which returned a verdict in favor of the respondent lessor in the amount of $4,497.82, representing the rental due under the lease from November 1, 1957, to the date of the start of the trial. Denying the appellant's motion for a new trial, the trial judge entered a judgment for the respondent on the verdict.

Appellant's assignments of error relate to (1) the trial court's refusal to admit into evidence certain of the promissory notes; (2) certain rulings made as to the permissible scope of cross-examination of the two primary witnesses, Bennett and Seals; and (3) certain of the trial court's instructions to the jury.

However, as we view the case, it is unnecessary for us to consider any of these assignments. Respondent contended below, and reiterates on this appeal, that no evidence of the alleged oral agreement should have been admitted for the reason that the agreement constitutes a modification of the written lease. We agree.

██ A lease required by law to be in writing cannot be modified by parol, except so far as the oral modification has become executed; that is, a lessor is bound by a parol

agreement modifying the covenant to pay rent contained in a lease required by law to be in writing only in so far as such agreement has become executed. *City Mortgage Co. v. Diller* (1935), 180 Wash. 499, 40 P. (2d) 164. It is a statutory (RCW 59.04.010) prerequisite to the creation of a tenancy of real estate for a longer period than from month to month that the lease be in writing and acknowledged before a notary public, and, therefore, the ten-year lease under which the appellant held the service station property was required by law to be in writing.

Finally, as we have noted, the appellant has made no claim that the agreement was executed. It, therefore, follows that the respondent is not bound by the alleged agreement even if, in fact, such an agreement was made. Thus, the judgment of the trial court in favor of the respondent should be affirmed. It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.