[No. 35835.    Department One.    April 12, 1962.]

S. A. WEITMAN, *Individually and as Executor, Respondent,* HAROLD N. WEITMAN, *Individually and as Administrator, Appellant,* v. GRANGE INSURANCE ASSOCIATION *et al., Appellants and Respondents.**

* Reported in 370 P. (2d) 587.

*Savage, Nuxoll & Brennan,* for appellants Grange Insurance Association et al.

*Stephen E. Chaffee* and *Kenneth C. Hawkins,* for respondent and appellant Weitman.

OTT, J.—S. A. Weitman sold his feed mill and equipment to his son, Harold N. Weitman (hereinafter referred to as Harold), upon an executory contract which provided, *inter alia,* that Harold would maintain fire insurance upon the premises and contents until the contract was paid in full. S. A. Weitman had previously insured this property through the office of Ralph S. Owen (hereinafter referred to as Owen), an agent and director of the Grange Insurance Association (hereinafter referred to as the Grange). Harold continued to carry the insurance coverage with the Grange, through Owen, with a loss payable clause to S. A. Weitman.

The policy, commencing April 28, 1952, and expiring April 28, 1957, was delivered to S. A. Weitman.

When S. A. Weitman told Owen of the sale of the premises to his son, he agreed to pay the policy premiums, if Harold failed to do so. Owen thereupon promised to notify him if anything happened which would, in any way, affect the coverage. On December 1, 1953, S. A. Weitman was notified that the premium payment was in arrears, and it was promptly paid. Thereafter, S. A. Weitman was notified of a suspension of the policy due to electrical hazards. The insured corrected the matter, and the insurance coverage was reinstated after eighteen days.

November 17, 1956, S. A. Weitman was notified of a suspension and the policy was reinstated December 7, 1956, upon Harold's payment of a 6-months premium. He was notified that any overpayment would be returned at the termination of the contract or applied upon the renewal premium.

The bylaws of the Grange, which were incorporated in the policy as a part of the contract, provided that, at the end of each five-year term, a dividend, if earned, would be disbursed to the policyholder.

Notices of expiration and renewal are mailed to the Grange's policyholders direct from the home office at Seattle thirty days prior to the expiration dates of the policies. In April, 1957, Jack J. Haun, secretary-treasurer and manager of the Grange, in the home office, determined that the policy should not be renewed, and intercepted the notice addressed to the insured, after it had been prepared. As a consequence, no customary notice of expiration or of cancellation (as provided by the policy) was sent to either S. A. or Harold Weitman. Nor did Owen give notice as he had promised S. A. Weitman. No insurance coverage was sought elsewhere by Harold, although coverage was available through another company.

July 13, 1957, the mill and its contents were destroyed by fire caused by an overheated bearing. At that time, the unpaid balance owing to S. A. Weitman on the contract of

sale was $10,166.98. The amount of the Grange insurance coverage was $18,000.

Harold and S. A. Weitman commenced this action against the Grange and Owen to recover the amount of the insurance, alleging that the policy of insurance was in full force and effect at the time of the fire, and that the doctrine of promissory estoppel applied as to the Grange and Owen.

The cause was tried to a jury. At the close of the evidence, defendants challenged the sufficiency of plaintiffs' evidence to establish that the policy of insurance was in force at the time of the fire. The court sustained the challenge, and submitted to the jury the factual determinations relative to the remaining issue of promissory estoppel. S. A. Weitman recovered a verdict in the sum of $10,166, and Harold was denied recovery of the excess.

From the judgment entered upon the verdict, the Grange and Owen have appealed. Harold Weitman has appealed from the judgment dismissing his claims of action.

We will first discuss the appeal of the Grange and Owen.

Appellants assign error to the court's refusal to grant a nonsuit at the close of respondent's evidence, and to its failure to direct the jury to find for the appellants, contending that the evidence was insufficient to establish the doctrine of promissory estoppel.

In *Hill v. Corbett*, 33 Wn. (2d) 219, 204 P. (2d) 845 (1949), the essential elements of promissory estoppel are set out as follows:

" . . . (1) a promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise."

Appellants designate the fourth element as the "crucial issue": Did the evidence establish that S. A. Weitman was justified in relying upon the promises of Owen?

In this regard, appellants assert that S. A. Weitman had possession of the policy, which stated the expiration date, and that, since this fact was known to him, he could not

justifiably rely upon the representations of Owen that he would be further advised of the expiration date.

■ The rule with reference to whether a person has been influenced, to his damage, by the conduct of another, and whether he can justifiably rely upon such conduct so that the doctrine of promissory estoppel applies, is as follows:

" ' "The party claiming to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of facts, but was also destitute of any convenient and available *means of acquiring such knowledge; and that where the facts are known to both parties, or both have the same means of ascertaining the truth,* there can be no estoppel." 11 Am. & Eng. Ency. Law (2d ed.), p. 434.' (Italics ours.)" *Geoghegan v. Dever,* 30 Wn. (2d) 877, 893, 194 P. (2d) 397 (1948), quoting with approval from *Wechner v. Dorchester,* 83 Wash. 118, 122, 145 Pac. 197 (1915).

The insurance policy contained the expiration date of April 28, 1957, and this fact was known to both the insured and the insurer. The court held, however, that the doctrine of promissory estoppel applied. The court instructed the jury that the Grange was estopped to assert that the expiration date terminated the policy, if they found, from the evidence, that, subsequent to the issuance of the policy, Owen made promises, upon which the insured could justifiably rely, that S. A. Weitman would be notified if the coverage of the policy was jeopardized in any manner.

■ The evidence, if believed by the jury, established (1) that the insured would receive a thirty-day written notice of expiration of the policy from the Grange, or a ten-day written notice if the policy was to be cancelled, (2) that Owen would notify S. A. Weitman of any matter affecting his insurance coverage, (3) that, the premium having been paid for the full term of five years, and coverage having been suspended for a total of approximately forty days, the term of the policy would, ipso facto, be extended for forty days beyond April 28, 1957, or the unearned premiums returned, (4) that the overpayment at the time of

the reinstatement on December 7, 1956, would be applied on the renewal premium and the policy thereby kept in force beyond April 28, 1957, or the overpayment returned on that date, and (5) that, on the alleged expiration date, neither the overpayment nor the refund for unearned premiums was returned to the insured.

The Grange had the option, on April 28, 1957, to return the unearned premiums, thereby terminating its contractual relationship with the insured, or to apply these credit items toward the payment of the premium on an extension of the existing contract, or to apply the amount toward the payment of the premium on a new contract. Since the Grange had an option which it could exercise, the insured did not have the means of acquiring knowledge relative to the expiration date until the Grange gave notice of its election in this regard. The Grange having failed to give notice of its election, S. A. Weitman, acting as a reasonably prudent person, could assume that, since the amount of the credits was not returned, the Grange would apply the credits toward an extension of the existing policy, or to a renewal premium, as the endorsement on the policy provided. That S. A. Weitman relied thereon was determined by the jury, and the jury's verdict is supported by the evidence.

Appellants further assert that the evidence to establish the second and third elements of the doctrine of promissory estoppel is in doubt and unreasonable. The jury determined the factual issue relative to the second and third elements adversely to appellants.

Our examination of the record discloses that there was sufficient evidence to take the case to the jury upon all of the elements of the doctrine of promissory estoppel. We find no merit in appellants' first contention.

Appellants next assign error to the giving of instruction No. 11, and to the court's refusal to give their proposed instructions Nos. 36, 39, and 40, relating to the meaning of the term "justifiably rely." The court, by its instruction No. 11, defined the term as follows:

"You are instructed that a person is entitled to 'justifiably rely' on the promise of another to notify him of the status

or termination of a policy of insurance, only if a reasonably prudent person similarly situated, with the same knowledge or means of knowledge, would rely upon such promise."

Appellants' exception to instruction No. 11 was based upon the court's failure to supplement the instruction in certain particulars. The only factual issue involved was whether S. A. Weitman could justifiably rely upon the promise of Owen to notify him of any change in the status of the insurance policy which would be detrimental to him. The supplemental elements requested by appellants were not germane to this issue.

An examination of the three proposed instructions discloses that they incorrectly apply the doctrine of promissory estoppel to the facts in the instant case, in that they do not include the subsequent acts of the insurer which, if believed by the jury, would estop the insurer from asserting that the expiration date in the policy was controlling. These acts relate to disposition of the credits, which are discussed heretofore and which are material in determining whether S. A. Weitman had equal knowledge as to the date the insurer would elect to terminate or renew the policy.

The court did not err in giving instruction No. 11 and in refusing to give the proposed instructions.

What we have said heretofore applies also to appellants' remaining assignments of error.

We turn now to the appeal of Harold Weitman. He assigns error to the court's dismissal of his third, fourth, and sixth claims of action which relate to the Grange's contractual liability as therein alleged, and to the giving of instruction No. 4, which is as follows:

"The court has decided as a matter of law that the insurance policy number 1B 82748, as modified by its several endorsements, was not in effect at the time of the fire on July 13, 1957. You are instructed, therefore, that that phase of the case has been withdrawn from your consideration."

There was evidence, although in conflict, that the premium for a full five-year term was $791.60, and that the Grange received as premium payments on the policy here

in question $829.57, or an overpayment of $37.97. When the various reinstatement payments were made, the endorsements provided that "ANY AMOUNT SHOWN AS RETURNED PREMIUM IS EITHER BEING REFUNDED OR CREDITED TO YOUR NEXT PREMIUM." The Grange paid no refund.

On December 7, 1956, Harold paid $92.50, which the manager of the Grange testified was the premium upon the policy for six months. The endorsement attached to the policy states:

"It is agreed that as of the effective date of this Endorsement ['12/7/56'] such insurance as was afforded by this policy, which was suspended on 11/17/56, is reinstated in accordance with the request of the named insured. It is expressly understood that there was no insurance in force from the date of suspension to the effective date of this Endorsement.

"There will be a reinstatement charge of $1.00 added to your next renewal premium."

■ From some of the testimony, it could be inferred that $92.50 paid the premium on the policy in question from December 7, 1956, to June 7, 1957. In this regard, the manager of the Grange testified that the payment of $92.50 covered the premium from October 28, 1956, to April 28, 1957. However, during this six months' period, the policy was suspended for twenty days, as shown by the above-quoted endorsement. The evidence was conflicting and presented a question of fact for the jury as to whether the agents of the Grange, by retaining the unearned premium, extended the term of the coverage in the existing policy beyond April 28, 1957, or accepted the overpayment of the premium to apply on a new contract containing similar terms. In either instance, the evidence, if believed by the jury, established that the Grange had extended its liability to pay Harold for a fire loss beyond April 28, 1957.

During the five-year term, the coverage had been suspended for approximately forty days. The unearned premiums were not refunded. The jury could have found that, in the absence of written notice of cancellation of the policy by the Grange, the forty days' insurance coverage for which

Harold had paid and received no credit, added to an extended termination date, would have provided coverage beyond July 13, 1957, the date of the loss. These claims of liability were asserted in Nos. 3, 4, and 6 which the trial court dismissed.

We hold that, in the light of the above evidence, a factual issue was presented relative to the date when the liability of the Grange terminated as to Harold, and that this factual issue should have been resolved by the jury.

The judgment of dismissal is reversed, and the cause remanded with instructions to reinstate Harold Weitman's claims against the Grange and Owen. Costs will abide the final determination of this cause.

The judgment entered upon the verdict in favor of S. A. Weitman is affirmed. S. A. Weitman will recover his costs on this appeal.

FINLEY, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

———

May 24, 1962. Petition for rehearing denied.