[No. 37580.   Department One.   April 8, 1965.]

MYRTLE HILTON, *Appellant*, v. ALEXANDER & BALDWIN, INC., *Respondent.**

*Kleinberg, Young & Hoff* (*James C. Young*, of counsel), for appellant.

*Bogle, Bogle & Gates* and *Dustin C. McCreary*, for respondent.

PER CURIAM.—Alexander & Baldwin, Inc., was northwest freight agent for Matson Navigation Company and maintained offices in Seattle, Portland, and Vancouver, B. C. Myrtle Hilton was an employee of the corporation in Seattle from September 1955 to November 1962, as a bookkeeping machine operator.

*Reported in 400 P.2d 772.

August 15, 1962, Matson notified Alexander & Baldwin that the agency agreement would be terminated, which necessitated closing the latter's Seattle office. Twenty-four of the employees of Alexander & Baldwin were offered comparable employment with Matson in Seattle at their established wages and without loss of their seniority rights. Five employees were terminated with either early retirement benefits or a severance allowance in an amount equal to two months' salary, plus one-half month's pay for each year of service.

Myrtle Hilton was among the 24 employees to be retained, at her established wage as a bookkeeper. Matson's Seattle office had no machine bookkeeping job classification, but such a position was available to her in San Francisco. She refused to accept the employment offered.

Myrtle Hilton commenced this action to recover $2,612.50, alleging that this sum was due her as severance compensation. The cause was tried to a jury. At the close of plaintiff's evidence, the court granted defendant's motion to dismiss for the reason that the evidence was insufficient to establish the claim. Myrtle Hilton has appealed.

The appeal presents a single issue: Was the evidence sufficient to invoke the doctrine of promissory estoppel?

The essential elements of promissory estoppel are redefined in *Weitman v. Grange Ins. Ass'n*, 59 Wn.2d 748, 751, 370 P.2d 587 (1962), as follows:

". . . (1) a promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise." [*Hill v. Corbett*, 33 Wn.2d 219, 204 P.2d 845 (1949).]

See 1 Corbin, Contracts §§ 13, 15, pp. 29, 32; Restatement, Contracts §§ 2(1), 5, pp. 3, 7.

It follows that a promise must be communicated by the promisor to the promisee before the promisee can justifiably rely upon it. Considering the evidence in the light most

favorable to appellant, it was established that no company policy relative to the allowance of severance pay had ever been communicated to the employees. The company's manual, which was given to every employee, made no reference to severance compensation.

Appellant, by virtue of her bookkeeping duties in the main office, had learned of severance payments having been made to some employees whose employment was terminated. She discussed the matter of severance pay with her superiors at the time of the closing of the Seattle office, and was advised that none would be paid to those who were to be retained. These facts did not establish a company policy to pay severance compensation to all employees. At best, the evidence established only that the company had paid a severance allowance to certain employees whose employment was terminated by the company, and that such payment did not extend to those employees who were offered comparable employment with Matson at no reduction in pay.

Finally, there was no proof that the employer had ever communicated to any of its employees an intention to grant severance allowances. The appellant's evidence failed to establish the essential elements of the doctrine of promissory estoppel.

The judgment is affirmed.