Melburn E. BROXSON, Plaintiff-
Appellee,

v.

CHICAGO, MILWAUKEE, ST. PAUL
AND PACIFIC RAILROAD COM-
PANY, Defendant-Appellant.

No. 23540.

United States Court of Appeals,
Ninth Circuit.

Aug. 13, 1971.

James E. Nelson (argued), Warren H. Ploeger, J. Fred Simpson, Seattle, Wash., for defendant-appellant.

R. Max Etter (argued), and Seaton M. Daly (argued), of Etter & Etter, James P. Connelly (argued), of Cashatt, Williams, Connelly & Rekofke, Spokane, Wash., for plaintiff-appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and CURTIS, District Judge.*

DUNIWAY, Circuit Judge:

In this diversity action the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (the Railroad) appeals from a judgment entered on a jury verdict awarding damages to Broxson and from a judgment of dismissal of the Railroad's third-party action against Thrifty [1] for indemnification. We affirm the judgment for Broxson, but reverse the dismissal of the Railroad's claim against Thrifty.

The Railroad owns a freight house in Spokane, Washington. It leased to Thrifty portions of the main floor and basement for handling, storage and distribution of plumbing and heating and allied products. The leased area included a freight elevator, which provided the only way to get to the basement from the main floor. The lease, which was in effect at all relevant times, contained the following express conditions:

> "6. That the Lessees shall at their own expense make all repairs to the interior of the portion of the building hereby leased to them, * * *.
>
> * * * * * *
>
> 10. That the Lessees hereby release the Railroad Company from and agree to indemnify it against all loss, damage or injury, caused by or resulting from any act or omission of the Lessees, their employees or agents, to the person or property of the parties hereto, and their employees, and to the person or property of any other person or corporation, while on or about said demised premises; and if any claim or liability other than from fire shall arise from the joint or concurring negligence of both parties hereto, it shall be borne by them equally.

Broxson had been an employee of Thrifty since July 1963. In the course of his job, he used the freight elevator. On February 15, 1965, one of four counterweights designed to hold a safety gate on the elevator in an overhead position came loose. On February 16 Broxson told Setchell, the Railroad's yardmaster and agent, about the defect; Broxson again reminded Setchell of the defect on February 22 or 23. In addition, Thrif-

---

* Honorable Jesse W. Curtis, United States District Judge, Central District of California, sitting by designation.

1. The third-party defendants-appellees are Morris Gorlick, Harold Gorlick, their wives, and Thrifty Supply Company of Spokane, Inc. The Gorlicks initially did business as Thrifty Supply Company, later incorporating as Thrifty Supply Company of Spokane, Inc., which assumed the lease. For convenience, we refer to all the third-party defendants-appellees as "Thifty."

ty's office manager, Schober, twice told Setchell about the defect—once on February 16 or 17, and again on February 22. On each occasion, Setchell told Thrifty that the Railroad would send a maintenance man to fix the elevator very shortly. As of February 24, 1965, no repairs had been made. On that day Broxson used the elevator. The safety gate fell on Broxson's head inflicting injuries.

### A. *The Railroad's appeal from the judgment for Broxson.*

The evidence shows that whenever during the term of the lease the elevator required repairs or adjustments, Thrifty called the Railroad and the Railroad either made the repairs itself or had them made by the Otis Elevator Company, and that the Railroad had told Thrifty to notify the Railroad whenever the elevator needed repairs or adjustments. Broxson had so notified the Railroad 20 or 30 times.

The Railroad argues that, under Washington landlord-tenant law, condition 6 of the lease placed the duty to repair the elevator solely upon Thrifty, that the Railroad had no duty of care toward Broxson, and that therefore the Railroad could not have acted negligently toward him.

Broxson's theory is that, despite Thrifty's duty to repair under condition 6 of the lease, the Railroad had promised Thrifty that it would immediately repair the elevator; that in reasonable and foreseeable reliance upon that promise Thrifty forbore from repairing the elevator itself; that the promise was an enforcible one under the theory of promissory estoppel; and that because of its delay in making the repair, the Railroad acted negligently toward Broxson. Broxson also argues that the action of the Railroad in repairing the elevator on prior occasions without being obligated to do so evidenced the reasonableness

and foreseeability of Thrifty's reliance upon the Railroad's promise on this occasion. The district judge agreed with Thrifty's theory, and instructed the jury accordingly. On appeal the Railroad argues only that its motions for dismissal should have been granted as a matter of law.

■■ *First:* The Railroad cites numerous Washington cases applying the parol evidence rule to written leases. Arguing that the Railroad's promise to repair the defective elevator was an unexecuted oral agreement modifying the written lease, the Railroad concludes that evidence of that promise was inadmissible.

The argument is flawed. Assuming that the Railroad's promise was a modification of the lease—an assumption that the record will not support—evidence of the promise was properly received. The parol evidence rule operates only to exclude evidence of prior or contemporaneous oral agreements; it "does not prevent proof of an agreement which is made subsequent to a prior written contract however much the latter contradicts the terms of the former." Simonson v. "U" District Office Bldg. Corp., 1966, 70 Wash.2d 35, 40–41, 422 P.2d 1, 5.

■ *Second:* The Railroad concedes that Washington law recognizes the doctrine of promissory estoppel as formulated in section 90 of the Restatement of Contracts.[2] See, *e. g.*, Luther v. National Bank of Commerce, 1940, 2 Wash. 2d 470, 484, 98 P.2d 667, 673; Central Heat, Inc. v. Daily Olympian, Inc., 1968, 74 Wash.2d 126, 132–133, 443 P.2d 544, 548–549. However, the Railroad argues that "forbearance of a definite and substantial character on the part of the promisee" under section 90 does not include "the mere passive failure of the promisee to procure elsewhere, or by other means, the service or thing prom-

---

2. "A promise which the promisor shall reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

ised." Hazlett v. First Federal Savings & Loan Ass'n, 1942, 14 Wash.2d 124, 131, 127 P.2d 273, 277.

We agree with Broxson that *Hazlett's* distinction between "mere passive" reliance on a promise and reliance that takes the form of affirmative conduct is no longer viable. In Weitman v. Grange Insurance Association, 1962, 59 Wash.2d 748, 370 P.2d 587, an insured relied on his insurer's promise to notify him if his fire insurance policy were terminated; accordingly, he forbore from obtaining a new insurance policy elsewhere. The insured suffered fire losses after his policy was terminated without notification, and the court held, in his action against the insurer, that the case properly went to the jury on the issue of promissory estoppel. *Weitman* wholly ignored the *Hazlett* distinction, and did not even cite *Hazlett*. More recently, the Washington Court of Appeals has asserted "that *Hazlett* on the matter of forbearance has been overruled *sub silentio*" in *Weitman*. Hellbaum v. Burwell & Morford, 1969, 1 Wash.App. 694, 701 n. 3, 463 P.2d 225, 229–230 n. 3. In light of *Weitman,* the decision in *Hellbaum* states existing Washington law concerning forbearance as a ground for promissory estoppel.

■ *Third:* The Railroad argues that the Washington statute of frauds renders the Railroad's promise unenforcible. Under Washington law (Rev. Code Wash.Anno. § 59.04.010), an unexecuted oral agreement (or a written but unacknowledged agreement) to modify a written and acknowledged multiyear lease for the remainder of the lease's term is unenforcible. See Corson Corp. v. Frontier, Inc., 1960, 55 Wash. 2d 652, 654–655, 349 P.2d 424, 425–426; Vance Lumber Co. v. Tall's Travel Shops, Inc., 1943, 19 Wash.2d 414, 417–418, 142 P.2d 904, 906; Hansen v. Central In-

vestment Co., 1941, 10 Wash.2d 393, 116 P.2d 839; City Mortgage Co. v. Diller, 1935, 180 Wash. 499, 502–503, 40 P.2d 164, 165–166.

The trouble with the Railroad's argument is that its promise did not purport to rise to the dignity of a modification of the lease. The Railroad's promise to repair the elevator, relied on here, relates to this one occasion only. Its previous repairs of the elevator were used only to show justifiable reliance on that promise. Neither party suggests that the Railroad undertook any continuing duty. The Washington Supreme Court has said of just such a promise to repair a particular defect that, as between landlord and tenant, "[a]n oral agreement to repair is just as valid as a written one." Rossiter v. Moore, 1962, 59 Wash.2d 722, 724, 370 P.2d 250, 251.[3]

B. *The Railroad's appeal from the judgment dismissing its indemnification action against Thrifty.*

In granting Thrifty's motion to dismiss the district judge made the following remarks:

"As I read the clause [condition 10 of the lease], it is an indemnity agreement to indemnify the railroad company for any act or omission of the lessees. I think [counsel for Thrifty] is right, that in the posture of the case presently, if the jury decides against the railroad company, then it would be deciding that the injury to the plaintiff [Broxson] was not caused by any act or omission of the lessee [Thrifty]. * * * "

■ We cannot agree. There is no reason why a jury could not find the Railroad and Thrifty concurrently negligent toward Broxson. Condition 10 of the lease expressly contemplates such a

3. In *Rossiter,* the landlord had promised to repair a defective back-porch railing. However, the premises in *Rossiter* were leased on a month-to-month basis under an oral agreement. The court held in the alternative, that the landlord would be liable even in the absence of an agreement to repair, on the tort theory of a landlord's duty of care to his tenant's invitees. That alternative holding is not relevant here.

contingency. The Railroad's duty to repair the elevator did not eliminate Thrifty's duty to protect its employees from a dangerous condition, known to Thrifty. See Hemmen v. Clark's Restaurant Enterprises, 1967, 72 Wash.2d 690, 692, 434 P.2d 729, 732; Presnell v. Safeway Stores, Inc., 1962, 60 Wash.2d 671, 674, 374 P.2d 939, 941. There is evidence that Thrifty's branch manager, Strange, used the elevator personally on the day of the accident, found that the door was not working properly, and did nothing to protect Thrifty's employees, including Broxson, from the danger. The jury's finding for Broxson against the Railroad does not necessarily absolve Thrifty. The jury need not have answered the question of Thrifty's negligence once it found the Railroad negligent.

None of the parties contends that the Railroad, in promising to repair the elevator, thereby waived its right to indemnification by Thrifty. Because the indemnity provision is applicable and because the verdict in favor of Broxson does not eliminate the question of Thrifty's liability under the indemnity provision, dismissal was inappropriate.

■ Thrifty argues that the Railroad's indemnification action is barred under the Workman's Compensation Act of Washington. Rev.Code Wash. Anno. § 51.04.010. The argument is predicated upon the inapplicability of the lease's indemnity provision. But that provision does apply, and Thrifty may be found liable under it. In such circumstances, the indemnification action may be maintained. Tucci & Sons, Inc. v. Carl T. Madsen, Inc., 1970, 1 Wash.App. 1035, 1039–1043, 467 P.2d 386, 389–391.

The judgment for Broxson is affirmed. The judgment of dismissal of the Railroad's claim against Thrifty is vacated and the case is remanded for further proceedings relating to that claim.