**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAHSAAN FREEMAN, an individual,

Plaintiff - Appellant,

v.

U.S. BANK NATIONAL
ASSOCIATION, d/b/a U.S. Bank,

Defendant - Appellee.

No. 12-35187

D.C. No. 2:10-cv-01544-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 8, 2013
Seattle, Washington

Before:  HAWKINS, THOMAS, and NGUYEN, Circuit Judges.

Plaintiff Rahsaan Freeman ("Freeman") appeals the summary judgment grant

to defendant U.S. Bank National Association ("U.S. Bank" or "the bank").  A loan

officer who had been terminated by U.S. Bank ten years earlier for various code of

conduct/ethics violations, Freeman contends that when U.S. Bank extended a new

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

offer of employment to him, he relied on U.S. Bank's representation that it had conducted due diligence and that his prior termination would not present a problem going forward.[1] Freeman also brings a claim for negligent misrepresentation for the same statement. We affirm in part, reverse in part, and remand for further proceedings.

Viewing the evidence in the light most favorable to the nonmoving party, as we must, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007), Freeman has raised a material issue of fact about the existence of a specific and narrow promise by U.S. Bank that the bank had done its due diligence and that his prior termination would not affect his new employment. *See Corey v. Pierce Cnty*, 225 P.3d 367, 376-77 (Wash. Ct. App. 2010).

The reasonableness of Freeman's reliance on this representation is not necessarily defeated because he received a written offer letter from U.S. Bank

---

[1] In Washington, the elements of promissory estoppel are:

(1) a promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying on the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise.

*Havens v. C&D Plastics, Inc.*, 876 P.2d 435, 442 (Wash. 1994) (internal brackets omitted) (quoting *Klinke v. Famous Recipe Fried Chicken, Inc.*, 616 P.2d 644 (Wash. 1980)).

2

informing him that his employment would be at-will. *See Flower v. T.R.A. Indus., Inc.*, 111 P.3d 1192, 1197, 1201 (Wash. Ct. App. 2005). Moreover, Freeman does not claim he was offered indefinite employment with U.S. Bank, or even that he could only be fired "for cause," but that his past conduct would not present a problem going forward. Under the circumstances of this case, a reasonable person could view the "at-will" agreement as applying to all forward-looking conduct involving Freeman's new employment with U.S. Bank, and not necessarily inconsistent with the express promise that Freeman's past conduct would not again serve as a basis for his termination.

Viewing the evidence in favor of Freeman, he has also established a material question of fact for the jury as to whether he changed his position in reliance on the bank's promise by informing several banks with whom he had been discussing open positions that he had accepted another offer and notifying clients of his change to U.S. Bank. *See Weitman v. Grange Ins. Ass'n.*, 370 P.2d 587, 589-90 (Wash. 1962) (failure to seek other insurance sufficient reliance on promise to send notice of policy's expiration); *cf. Havens*, 876 P.2d at 447 (justifiable reliance ordinarily a

3

question of fact).[2]   There is also a material question whether justice requires the enforcement of the bank's promise: Was Freeman forthcoming and truthful throughout the interview process to the best of his recollection, as he contends, or did he purposefully omit information about his prior termination to increase his odds of being rehired?  These are fact questions that are inappropriate for resolution on summary judgment.  We therefore reverse the district court's grant of summary judgment in favor of U.S. Bank on the promissory estoppel claim and remand for further proceedings.

However, we affirm the district court's grant of summary judgment on Freeman's negligent misrepresentation claim. Freeman claims the bank misrepresented having conducted "due diligence" regarding his prior termination, but does not offer any evidence that this statement is objectively false, as it is undisputed that the bank did undertake some investigation into the termination but many records had been destroyed due to the lapse in time.  That the bank could have possibly done more investigation does not necessarily mean it did not do enough, especially where even Freeman himself did not remember the involvement of the one person who still

---

[2] The Washington cases relied on by U.S. Bank in its brief regarding foregoing job opportunities are inapposite because they deal with cases in which no express promise had been made. *See, e.g.*, *Roberts v. Atl. Richfield Co.*, 568 P.2d 764, 769 (Wash. 1977).

maintained any record of the event.  Further, as used in this context, the term "due diligence" cannot be proven objectively false, as it necessarily involves an expression of opinion that the bank believed it had sufficiently researched the prior termination. *See Elliott Bay Seafoods, Inc. v. Port of Seattle*, 98 P.3d 491, 495-96 (Wash. Ct. App. 2004) (claim for negligent misrepresentation defective because cannot prove falsity of statements when made).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party to bear its own costs on appeal.