[No. 20125.   Department Two.   December 2, 1926.]

JOSEPH BARNETT, *Respondent,* v. R. E. BULL *et al.,*
*Appellants.*[1]

[1] EVIDENCE (101)—DECLARATIONS—ADMISSIONS AGAINST INTEREST.
In an action for damages through a tri-party automobile col-
lision, in which each of the parties claimed damages from the
other two, it is error to exclude evidence of the admissions made
by one party to one of the others that such other was not guilty
of negligence, notwithstanding it would tend to fasten liability
upon the third party.

[2] SAME (54)—RES GESTAE—STATEMENTS BEFORE EVENT.   In an
action for damages sustained in an automobile collision, it is not
admissible, as part of the *res gestae,* to prove a conversation be-
tween two witnesses, occurring more than a mile from the scene
and prior to the accident, while defendant's car was passing, to
the effect that he was driving in a careless manner.

[3] HIGHWAYS (23, 59)—LAW OF ROAD—MEETING AND PASSING—IN-
STRUCTIONS.   In an action for damages sustained in a tri-party
automobile collision, it is not prejudicial error to refuse to give
an instruction that it was negligence for one car to pass another
going in the same direction without giving a warning signal,
where, as to the car passed, there was no issue on that point;
and as to the oncoming car, its driver had the whole situation
in view, since he could not have benefited from any signal.

Appeal from a judgment of the superior court for
King county, Frater, J., entered April 1, 1926, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for personal injuries.   Reversed.

*Roberts & Skeel,* for appellants.
*Robbins & Rickles,* for respondent.

MACKINTOSH, J.—A tri-party automobile accident
occurred on the highway north of Seattle, and this law-
suit resulted, in which the respondent claimed to be
entitled to damages from the appellant Bull and de-

[1]Reported in 250 Pac. 955.

fendant Standring, both of whom he accused of negligence in the operation of their automobiles, resulting in his injury. Respondent's automobile and appellant's automobile were both traveling southerly, while Standring's was coming in an opposite direction. Bull and Standring, while each denying his liability to the respondent, each contended that the negligence of the other was responsible for the respondent's injury, and both Bull and Standring cross-complained against each other for damages. Neither of them made any claim against the respondent for damages, however. The case, assuming this hydra-headed condition, went to trial and resulted in a verdict in favor of respondent against both Bull and Standring. A new trial was granted to Standring, and he does not appear in this appeal; and a new trial and judgment notwithstanding the verdict having been denied to Bull, he appeals.

[1] The first error alleged is that the court prevented the appellant from proving by the respondent that, immediately after the accident, and at its scene, the respondent had stated that the appellant was not negligent and that he did not blame the appellant for the accident. This offer was made in various forms and through various witnesses, but was refused on the objection of Standring, for to admit it would have worked to Standring's prejudice, in that it would have tended to fasten the liability upon him and exculpate Bull. This was not sufficient reason, however, for not permitting this testimony to go to the jury, for, although there was a controversy between Bull and Standring as to who was responsible, there was also a controversy as between respondent and both Bull and Standring, the respondent seeking to hold each of them, and it was proper and competent for the appellant Bull to attempt to escape the liability to the respondent by showing that the respondent had made statements such

as those sought to be proven. Admissions by a party
are competent evidence against him, and testimony in
accord with the offers should have been allowed to be
introduced.

[2] The next error relied on is that testimony was
introduced, over the appellant's objection, of a con-
versation between two witnesses, occurring more than
a mile from the scene of the accident and prior to the
time thereof, the conversation being, substantially,
that one of the persons, seeing the appellant's and re-
spondent's cars passing, said to the other that the ap-
pellant was driving in a careless manner. It is at-
tempted to justify the admission of this testimony on
the ground that it was part of the *res gestae,* but under
no rule on that subject, which has yet come to our at-
tention, could this testimony have been admitted. The
general rule in regard to these *ex parte* statements,
admissible as *res gestae,* is that they must have been
made under circumstances which raise a reasonable
presumption that they are the spontaneous utterances
of thoughts created by, or springing out of, the trans-
action.

Although the rule has been somewhat relaxed in
modern times, and under it there have been admitted
statements made some time after the transaction,
where they could still be said to be spontaneous excla-
mations, never has the rule been so broadened as to ad-
mit statements made prior to the transaction, at a
remote distance from it, and out of view of it, by
parties who were not participants in the transaction
themselves. To open the door to this kind of testi-
mony would be to permit the vaguest irrelevant matter
to appear in a lawsuit. This court went far in the
case of *Heg v. Mullen,* 115 Wash. 252, 197 Pac. 51,
where the statements were admitted for the reason that
the person making them was present at the transaction

and riding in one of the colliding cars, although the statement was made an instant before the actual collision. The court expressly held that the statements were admissible because they were made as a part of the accident. In the case of *Mathewson v. Olmstead,* 126 Wash. 269, 218 Pac. 226, a statement made by a witness at a short distance from the scene of the accident, and just before it, was permitted under the *res gestae* rule. This case would seem to go to the very limit in favor of the respondent's contention, but the facts in that case show that the statement was made almost simultaneously with the accident, and that the accident actually happened within the view of the person who made the statement. Conceding the propriety of the admission of the statement in that case, it would not do to extend the rule to cover situations such as the one here, where the statement was made at a great distance from the accident, some time before it, and by persons who did not see the accident occur.

[3] The next point raised is that the court improperly instructed the jury to the effect that an overtaking motor vehicle should signal its intention to pass another vehicle, going in the same direction, by sounding the horn. As between the respondent and the appellant, this instruction cannot be sustained, for the reason that there was no such issue between them. There was no proof that the appellant was negligent in failing to sound his horn as he passed the respondent's car, and no injury resulted to the respondent by such failure, the respondent himself testifying that the appellant had passed him some thousand feet before the accident occurred.

Whether this instruction was proper, as to the issue between the appellant and Standring, presents another question. If there was an issue between them on this phase of the case, then the instruction was properly

given, although it had no application to the contest between respondent and appellant. According to Standring's testimony, the appellant was passing the respondent's car just prior to the accident, and no signal was given. Standring testified that he saw all this, and, moreover, that he saw that the appellant was not paying attention to what he was doing, so that it was immaterial, so far as Standring is concerned, whether the appellant sounded his horn or not. Moreover, the instruction was given under the law of the state which compels an overtaking vehicle to give signal of intention to pass. The failure to obey this mandate of the statute would not redound to the benefit of Standring, for the statute was made for the protection of the vehicle being overtaken. So, under all the circumstances in connection with this phase of the case, this instruction was erroneous and prejudicial. The fault may not have been the respondent's that matters prejudicial to the appellant came into the record, but, in a case of this character, the respondent is a waiter on providence and must abide the consequences of such a precarious position.

For these errors discussed, the judgment is reversed, and a new trial granted.

TOLMAN, C. J., PARKER, ASKREN, and MITCHELL, JJ., concur.