[No. 31844.   *En Banc.*   February 21, 1952.]

O. H. ERICKSON *et al., Appellants,* v. WILLIAM M. KONGSLI *et al., Respondents.*[1]

[1]Reported in 240 P. (2d) 1209.

*Paul Clair Edmondson,* for appellants.

*Olson & Palmer* and *John Wm. McArdle,* for respondents.

DONWORTH, J.—This is an appeal from a judgment for defendants in an action for damages occasioned by defendants' automobile striking a building owned by plaintiffs.

The action was tried to the court, sitting without a jury. At the close of all the evidence presented by both parties, the court made findings of fact and conclusions of law and entered judgment dismissing the plaintiffs' action.

■ Appellants' only assignment of error is that the trial court erred in dismissing the action and entering judgment for respondents. No error is assigned upon any of the trial court's findings of fact. Therefore, we are bound to accept them as the facts of the case. *State v. Moore,* 34 Wn. (2d) 351, 208 P. (2d) 1207; *La Lone v. Smith,* 39 Wn. (2d) 167, 234 P. (2d) 893. Thus the only question presented by this appeal is whether the findings of fact support the judgment.

The facts as found by the trial court are as follows: Appellants are the owners of the Cabana Lodge, a hotel facility, which abuts on highway 97 just north of the city of Yakima. On or about November 20, 1949, respondent William Kongsli was driving in a northerly direction on highway 97. He desired to make a left turn off the highway into the entrance of Cabana Lodge and signalled for a left turn. He observed an automobile proceeding in a southerly direction on highway 97 but, thinking he had time to turn safely in front of it, proceeded across the highway. The two automobiles collided, and following the impact the automobile driven by respondent struck one of the Cabana Lodge buildings.

■ Appellants assert that, in making the left turn in front of an oncoming car, respondent failed to yield the right of way as required by statute (Rem. Rev. Stat., Vol. 7A, § 6360-75, and particularly subdivisions 84 and 89 thereof) and that this was negligence *per se.* This argument overlooks the rule that violation of a statute is not negligence *per se* except as to persons within the class intended to be protected by the statute. *Stoddard v. Smathers,* 120

Wash. 53, 206 Pac. 933; *Barnett v. Bull,* 141 Wash. 139, 250 Pac. 955; Restatement, Torts, 752, § 286; Prosser on Torts (Hornbook Series) 265, § 39.

In 4 Blashfield, Cyclopedia of Automobile Law and Practice 215, § 2721, the rule is stated as follows:

"Generally speaking, the harm for which an action under a statute is brought must be of a kind which the statute was intended to prevent, and a person injured, to recover, must be within the class which it was intended to protect. Under this principle, a person asserting a cause of action or defense, because of the violation of a traffic regulation concerning the movements of vehicles on a highway, cannot invoke the rule that such violation is negligence per se, unless he is one of the class for whose benefit the regulation was made."

The rules of the road relative to right of way are patently designed only for the protection of users of the roadway, and a violation of them as to persons within that class may be negligence *per se.* Appellants, as owners of a building on land abutting the highway, are not within that class. Therefore, as to them, respondent's failure to yield the right of way could not be negligence *per se.*

Since the trial court made a specific finding that respondent was not guilty of any negligence which was the proximate cause of any damages sustained by appellants, we are compelled to hold on the record before us that the findings support the judgment and that it must be affirmed.

Thus, we do not find it necessary to discuss the applicability of the doctrine of *res ipsa loquitur* to the facts of this case nor the other matters argued in appellants' brief.

The judgment of dismissal is affirmed.

HILL, GRADY, HAMLEY, FINLEY, and WEAVER, JJ., concur.

OLSON, J. (concurring in the result)—The decision of this case turns upon the point that our inquiry is limited to the question of whether or not the findings of fact entered by the trial court support the judgment. Those findings are the facts of the case. Both of appellants' contentions, that respondent was negligent *per se* and that the doctrine of *res ipsa loquitur* should be applied, are urged to impeach

the fact found by the trial court—that respondent was not negligent. It seems to me that our consideration of both contentions is foreclosed, and unnecessary to the decision.

SCHWELLENBACH, C. J., concurs with OLSON, J.

MALLERY, J. (concurring in the result)—I concur in the result, and desire to add that appellants presented their case to the court upon the theory of negligence. Hence, they are bound by the *law of the case* doctrine. They should have sued for trespass, in which negligence is not an element.

