**McLELLAN STORES COMPANY,**
Appellant,

v.

**Corbin C. WEAVER, Appellee.**

**McLELLAN STORES COMPANY,**
Appellant,

v.

**Mrs. Ruth WEAVER, Appellee.**

Nos. 12744, 12745.

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1956.

Hodges & Doughty, Knoxville, Tenn., for appellants.

Richard Stair, Singleton M. McGhee, Knoxville, Tenn., for appellees.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

McLellan Stores Company has appealed in these cases from judgments entered in a court action tried in the United States District Court for the Eastern District of Tennessee, awarding against appellant damages to a wife for personal injuries and to her husband for loss of her consortium and services.

The district judge found from a preponderance of the evidence that the injured appellee, Mrs. Ruth Weaver, an invitee to the store of appellant, sustained her personal injuries in consequence of the negligence of appellant in permitting weighing scales to protrude, at the base, into the aisle of its store in such manner as to create a hazard to its invitees and that, in the circumstances of the case, the injured lady was not guilty of contributory negligence.

After consideration of the evidence of record, in the light of the Tennessee authorities cited in the briefs, we are of opinion that there was substantial evidence to support the findings of the district judge, which were not clearly erroneous, and that there is no compulsion in the Tennessee authorities which required the judge to hold that the appellee was guilty of contributory negligence as a matter of law. We consider the facts of the instant case differentiable

from all the cases in which the Tennessee courts have held that plaintiffs therein were guilty of contributory negligence as a matter of law.

Upon the issue raised by appellant, that the causes of action of the appellees are barred by the statute of limitations, we are of opinion that the trial judge properly took judicial notice of the pleadings and of the requests for admissions made by appellees and the answers thereto made by appellant, from which it appears that a voluntary nonsuit without prejudice was taken by appellees in the Circuit Court of Knox County, Tennessee, and that the instant cases in the United States District Court were filed seasonably thereafter. If the cases had been tried to a jury, it may be that it would have been necessary for such matter to be introduced in evidence. However, we do not find it necessary to decide this point, for we are dealing with cases tried to the court and not to a jury.

The judgment of the district court in each of the appealed cases is affirmed. It is so ordered.