[No. 33681.   Department Two.   November 8, 1956.]

JOHN FALCONER et al., *Respondents*, v. SAFEWAY STORES, INC., *Appellant.*[1]

*George H. Bovingdon*, for appellant.

*Maslan, Maslan & Hanan* and *Bennett Hoffman*, for respondents.

MALLERY, J.—Around noon on October 5, 1954, plaintiff Violet Falconer fractured her left ankle when she slipped on a piece of "suet," about three-quarters of an inch long, which defendant deposited on the sidewalk behind its food store and meat market on that portion of the east sidewalk of

[1]Reported in 303 P. (2d) 294.

Twenty-second avenue which it uses for loading and un-loading meat and groceries.

The jury returned a verdict for plaintiffs. Defendant appeals.

■ The appellant contends there was no proof it put the suet on the sidewalk. The commission of negligence, like any other fact, may be proved by circumstantial evidence. The circumstances proved must be consistent with each other and lead with reasonable certainty to the main fact sought to be established. Circumstances equally consistent with contradictory hypotheses are insufficient to establish the material fact and leave it in the realm of speculation. *Ruff v. Fruit Delivery Co.*, 22 Wn. (2d) 708, 157 P. (2d) 730. The following circumstances are sufficient under this rule to sustain the verdict.

■ Appellant's meat department customarily disposes of its scraps and meat trimmings by putting them in uncovered cans. On Tuesdays and Fridays the cans are placed at the store's rear entrance. The appellant's truck driver hauls them on a "dolly" across the delivery area to the sidewalk and there loads them on a truck for final disposition.

Respondent testified that when she fell the back end of appellant's meat truck was parked toward her, that the truck's motor was running, that she saw the cans loaded on it, that she hollered to the driver for help, but that he pulled away without hearing her.

The court submitted a special interrogatory to the jury which read:

"Did the defendant's employee deposit on the sidewalk the substance on which plaintiff slipped?

"ANSWER: Yes."

■ Appellant contends there was no proof it had notice that the suet was on the sidewalk in its loading area, and, therefore, it cannot be held liable for any damage resulting therefrom. It relies upon a series of cases requiring notice of the dangerous condition of premises before liability of the occupant arises. The notice is for the purpose of showing that the occupant was aware of the condition of the

premises, which was created by others, and negligently permitted it to continue thereafter. The rule requiring such notice is not applicable where the dangerous condition of the premises was created in the first instance by the occupant. The negligence in the instant case consists of creating a dangerous condition, not in permitting it to continue. One is presumed to know what one does.

The appellant contends that it was not negligence to put a piece of suet of the size here in question on the sidewalk. Negligence is a question for the jury unless we can say, as a matter of law, that no negligence was shown. *Arnold v. Sanstol*, 43 Wn. (2d) 94, 260 P. (2d) 327. We are not prepared to say, as a matter of law, that the suet in question was too small to sustain the finding of negligence made by the jury.

The judgment is affirmed.

DONWORTH, C. J., HILL, WEAVER, and OTT, JJ., concur.

February 1, 1957. Petition for rehearing denied.