[No. 35646. Department One. March 2, 1961.]

ALINE FROTHINGER, *as Guardian of Claudia Snodderly, a Minor, Respondent*, v. KENNETH E. SERIER, *as Administrator of the Estate of Harry Van Winkle, Deceased, Appellant.*[1]

[1]Reported in 360 P. (2d) 140.

*Leavy & Taber* by *James Leavy,* for appellant.

*Loney, Westland & Koontz,* for respondent.

HILL, J.—This is an unusual case in that there were no eye witnesses to an intersection collision. It is, nonetheless, a purely factual appeal.

The car (hereinafter called the Davis car) in which Claudia Snodderly, a minor (in whose behalf this action was brought), was a passenger, was traveling south on an arterial highway. There was a collision about 11:30 p. m., at an intersection of an east-west-nonarterial road, with a car (hereinafter called the Van Winkle car) driven by Harry Van Winkle. The point of impact was in the south-bound lane of the arterial and in the east-bound lane of the non-arterial; the right front of the Davis car and the left front of the Van Winkle car came into contact with each other. After the collision both cars traveled in a southeasterly direction across and out of the intersection. The driver of the Van Winkle car was killed, and this action was brought against the administrator of his estate by the guardian *ad litem* of Claudia Snodderly.

Three of the young people in the Davis car, called as witnesses, were injured in the collision. At the time of trial the fourth occupant of the car was in Okinawa; one witness knew nothing of the collision until she came to at the side of the road; the other two (the driver and Miss Snodderly

who were in the front seat) suffered retrograde amnesia and had no recollection of the events immediately preceding the collision. The amnesia was specifically found to be genuine and not feigned.

The trial court, on the basis of the testimony of the occupants of the Davis car as to what they could remember relating to events prior to the collision, found that the car was traveling south on the arterial; and from all of the physical facts (including place of impact, damages sustained by the cars, skid marks after the collision, and the course of cars after the impact) found that the Van Winkle car was traveling east on the nonarterial; that Van Winkle failed to yield the right-of-way to the car on the arterial, and that this negligence was the proximate cause of the collision and the very serious injuries sustained by Miss Snodderly. Judgment was entered in her favor in the sum of $12,-046.35.

The administrator appeals on the issue of liability, and neither questions the seriousness of the injuries sustained by Miss Snodderly nor the amount of damage. He challenges, however, certain findings of fact and argues that the evidence on which the trial court relied is not conclusive, but speculative and conjectural, and equally supports some other hypothesis. He urged that the right front and wheel of the Davis car and the left front and wheel of the Van Winkle car could have come into contact with each other had the Van Winkle car also been proceeding south on the arterial and, while making a "legal left turn," been struck by the car in which plaintiff was riding while attempting to pass.

At the trial the administrator introduced no testimony except that the lights of the Davis car (which had crashed into a house near the southeast corner of the intersection) were not on, though operable, when certain witnesses arrived at the scene after the collision. Two of these witnesses arrived about five minutes after they heard the noise caused by the impact; the third arrived later with the wrecker.

We are satisfied, from our examination of the record, that there is a greater probability that Harry Van Winkle

was proceeding east on the nonarterial road and failed to yield the right-of-way to the Davis car (as found by the trial court), than that the collision happened in some other way. That is all that it was incumbent on the plaintiff to prove. The evidence to fix liability does not have to be conclusive; it is sufficient if the plaintiff's evidence affords room for men of reasonable minds to conclude that there is a greater probability that the matter in question happened in such a way as to fix liability upon the person charged therewith, than that it happened in a way for which a person charged would not be liable. *Mason v. Turner* (1956), 48 Wn. (2d) 145, 291 P. (2d) 1023; *Home Ins. Co. of New York v. Northern Pac. R. Co.* (1943), 18 Wn. (2d) 798, 140 P. (2d) 507, 147 A. L. R. 849.

A presumption that Van Winkle was exercising due care for his own safety is relied upon by the administrator in his hypothesis that Van Winkle was traveling south on the arterial and signalled his intention to turn left; and, also, in his hypothesis that Van Winkle was traveling east and was deceived into attempting to enter the arterial because (as he urged) the Davis car was traveling without lights.

There is no evidence from which a trier of the facts could conclude that the Davis car was traveling without lights. In *Hutton v. Martin* (1953), 41 Wn. (2d) 780, 790, 252 P. (2d) 581, we said concerning the presumption of due care:

". . . The rule that no person is presumed to have been negligent until the party having the burden of proof establishes that fact by a preponderance of the evidence furnishes adequate protection to a deceased person as well as to a living person."

We are here concerned with the claimed presumption of due care as it relates to the claimed primary negligence of a deceased tort-feasor, as distinguished from the contributory negligence of a party for whose death an action is being brought, as was the case in *Hutton v. Martin, supra.* The statute which provides for the survival of actions against deceased tort-feasors (RCW 4.20.045) reads:

"No claim for damages for bodily injuries, property damage, or wrongful death shall abate by reason of the death

of the tort feasor or of any other person liable for damages for such bodily injury, property damage or wrongful death: *Provided, however*, That the plaintiff shall not recover judgment except upon competent evidence other than the testimony of said injured person or persons and the testimony of the injured person or persons, by itself, shall not be sufficient to overcome the presumption of due care on the part of the deceased tort feasor. [1953 c 73 § 1.]"

The proviso deals with the character of the evidence necessary "to overcome the presumption of due care," but has no application here because the testimony of the injured party had nothing to do with the issue of the negligence of the decedent.

The trial court found by a preponderance of the evidence ("other than the testimony of said injured person") that Harry Van Winkle was negligent and that his negligence was a proximate cause of the collision which resulted in Miss Snodderly's injuries; and that finding established that Mr. Van Winkle was not exercising due care.

Our statement in *Hutton v. Martin, supra,* is equally applicable to any party having the burden of proving negligence (the plaintiff in this case). He must do it by a preponderance of the evidence, and that requirement provides adequate protection to a deceased person as well as to a living person. The protection to a deceased person is enhanced by the statutory requirement that his negligence must be established by "competent evidence other than the testimony of said injured person or persons." RCW 4.20.045.

The evidence supports the findings of fact made by the trial court, and the findings of fact support the judgment.

The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.