[No. 35884. Department One. July 26, 1962.]

ROBERT SCHMIDT, *Appellant*, v. PIONEER UNITED DAIRIES, *Respondent.**

*McCrea, Kafer & Wilson*, for appellant.

*Anderson & Hunter*, for respondent.

DONWORTH, J.—This is a personal injury action brought by an employee against his employer. The trial court found in favor of the defendant on a challenge to the sufficiency

*Reported in 373 P. (2d) 764.

of the evidence at the close of plaintiff's case. From a judgment of dismissal, plaintiff appeals.

■ The trial court's opinion discloses that it treated appellant's evidence as true, and held, as a matter of law, that appellant had not established a prima facie case. In such a situation, our review of the evidence is limited to determining whether there is sufficient evidence or reasonable inference therefrom to establish a prima facie case for appellant. *Richards v. Kuppinger,* 46 Wn. (2d) 62, 278 P. (2d) 395 (1955).

The evidence, taken in a light most favorable to appellant, established the following facts. The accident took place as appellant was leaving the plant to go home after finishing his work on March 10, 1959. On his way out, and while still within the confines of the building, he slipped and fell on the concrete floor in the compressor room. After his fall, he noticed mud on his overalls, and then noticed mud on the floor, which he had not seen previously.

The record does not disclose how the alleged mud got on the floor, who put it there, or how long it had been there. There is some indication in the record that on three days a week a truck from Wenatchee had been washed in the truck loading concourse and there was "mud, water and spilled milk" on the floor of that area, adjacent to the compressor room, in which appellant slipped and fell. However, no trucks were washed in the truck concourse on the day of the accident. There is no evidence that any mud from the trucks ever flowed into the compressor room, and such an occurrence is unlikely because the floor of that room is a few inches higher than the floor of the truck concourse. Although third parties, other than employees of respondent, had access to the area where appellant fell, there is no evidence as to whether any third parties were in the area on the day of the accident.

Following the accident, appellant developed disabilities, for which he made a claim for workmen's compensation. His claim under the Workmen's Compensation Act was denied by the Supervisor of Industrial Insurance for the reason that the claimant was not in the course of his employment

at the time of the injury. (No appeal was taken from the order, and neither party has challenged that finding in this case. On the authority of the line of cases of which *Prince v. Saginaw Logging Co.,* 197 Wash. 4, 84 P. (2d) 397 (1938) is typical, this court is foreclosed from considering whether that finding was correct. We shall proceed on the assumption that appellant was not in the course of his employment when he was injured.)

September 12, 1960, the cause was tried to a jury. On the same day, appellant rested after presenting both lay and medical testimony. Thereupon, respondent moved for judgment of dismissal on its challenge to the sufficiency of the evidence. The motion was granted on the ground that a prima facie case of negligence had not been established. A motion for new trial was filed. October 11, 1960, the motion for new trial was denied and judgment of dismissal was entered.

Appellant contends that his evidence and the logical inferences therefrom are sufficient to support a finding that the dangerous condition was created by the employees of respondent, for which respondent should be held liable.

Appellant's contention is primarily based on the following reasoning:

1. There is no evidence showing whether or not third parties were in the area of the accident on the day of the accident.

2. "Natural justice" should put the burden on respondent to show that third parties were present.

3. In the absence of such a showing, it should be inferred that no third parties were present on the day of the accident.

4. If there were no third parties in the area that day, it is clear that the dangerous condition must have been created by an employee of respondent.

5. When an employee creates such a condition, his action is imputed to the employer. That is, the employer does not have to have actual notice of the dangerous condition in order to be held liable for its presence, because he is *legally presumed* to have notice of what his employee does.

*Falconer v. Safeway Stores,* 49 Wn. (2d) 478, 303 P. (2d) 294 (1956). Therefore, respondent is responsible for the condition.

6. A jury may find negligence in simply allowing such a condition to exist. *Wiard v. Market Operating Corp.,* 178 Wash. 265, 34 P. (2d) 875 (1934). This is especially true in view of RCW 15.32, which places upon respondent the non-delegable duty to keep his milk plant clean.

Appellant's argument is dependent upon a presumption arising out of points two and three, as well as the established presumption in point five.

The presumption in point five may be valid when there is actual proof that the condition was created by employees other than by the injured party. We will not apply it when it must be based on a requested inference of law which is not even actually implied by the evidence and for which there is no authority in statute or prior cases. The "presumed notice" which makes the employer liable for a hazardous condition created by his employees must be based on sufficient evidence that his employees actually created the condition.

Since we do not accept the contention that the burden is on respondent to prove that it did *not* place the foreign substance on the floor, we must decide whether there was sufficient evidence under which the jury could have found, under the circumstances, that respondent's employees actually placed the foreign substance there.

Appellant relies on *Falconer v. Safeway Stores, supra,* where there was sufficient circumstantial evidence to allow the jury to determine whether the defendant's employees had dropped some suet. In that case, we said:

"Around noon on October 5, 1954, plaintiff Violet Falconer fractured her left ankle when she slipped on a piece of 'suet,' about three-quarters of an inch long, which defendant deposited on the sidewalk behind its food store and meat market on that portion of the east sidewalk of Twenty-second avenue which it uses for loading and unloading meat and groceries.

"The jury returned a verdict for plaintiffs. Defendant appeals.

"The appellant contends there was no proof it put the suet on the sidewalk. The commission of negligence, like any other fact, may be proved by circumstantial evidence. The circumstances proved must be consistent with each other and lead with reasonable certainty to the main fact sought to be established. Circumstances equally consistent with contradictory hypotheses are insufficient to establish the material fact and leave it in the realm of speculation. *Ruff v. Fruit Delivery Co.,* 22 Wn. (2d) 708, 157 P. (2d) 730. The following circumstances are sufficient under this rule to sustain the verdict.

"Appellant's meat department customarily disposes of its scraps and meat trimmings by putting them in uncovered cans. On Tuesdays and Fridays the cans are placed at the store's rear entrance. The appellant's truck driver hauls them on a 'dolly' across the delivery area to the sidewalk and there loads them on a truck for final disposition.

"Respondent testified that when she fell the back end of appellant's meat truck was parked toward her, that the truck's motor was running, that she saw the cans loaded on it, that she hollered to the driver for help, but that he pulled away without hearing her."

The differences between the *Falconer* case and the present case are plain. In *Falconer,* the substance which created the hazard was used in the defendant's business. The testimony, if believed, showed circumstances which pointed in one direction only—the suet had been deposited by employees of the defendant.

All we have in the present case is the testimony of appellant that there was some mud on the floor and the testimony of a coworker that immediately after appellant's fall he noticed that the floor was wet, and that third persons had access to the area. There was no evidence as to whether any third persons had been in the area that day. Respondent's trucks had at times been washed in an adjacent area, but there was no showing that trucks had been washed there on the day of the accident. Furthermore, as stated above, the floor of the compressor room, where appellant slipped and fell, is a few inches higher than the floor of the concourse where trucks were washed. Also, mud is not a substance which is involved in the business of respondent. Spilled milk might have been a different matter.

Under these circumstances, there is no more reason to believe that the mud was placed there by employees of respondent than that it was placed there by appellant or a third party.

■ The facts relied upon to establish a theory by circumstantial evidence must be of such a nature and so related to each other that it is the only conclusion that fairly or reasonably can be drawn from them. A verdict cannot be founded on mere theory or speculation. If there is nothing more tangible to proceed upon than two or more equally reasonable inferences from a set of facts, and under only one of the inferences would the defendant be liable, a jury will not be allowed to resort to conjecture to determine the facts. *Mason v. Turner,* 48 Wn. (2d) 145, 291 P. (2d) 1023 (1956); *Arnold v. Sanstol,* 43 Wn. (2d) 94, 260 P. (2d) 327 (1953); *Gardner v. Seymour,* 27 Wn. (2d) 802, 180 P. (2d) 564 (1947); and cases cited therein. In this case, there was not sufficient circumstantial evidence to take the case to the jury on the question of whether mud was in the compressor room due to the negligence of respondent.

■ Appellant also contends that the presence of mud in the compressor room of respondent's plant constituted a violation of RCW 15.32.010 and 15.32.080, which, appellant submits, places a duty upon owners of milk plants to keep their premises clean. Therefore, it is argued, the presence of the mud is "negligence as a matter of law." Appellant cites *Kelly v. The Vogue,* 21 Wn. (2d) 785, 153 P. (2d) 277 (1944), in support of this contention. However, in *Kelly v. The Vogue,* this court found that the plaintiff was a member of the class the statute was designed to protect. Even assuming there was a violation of the statute in this case, that statute was designed for the protection of milk consumers, not for the safety of persons within the plant. Since appellant is not within the class to be protected, his argument as to negligence per se must fail. *Cf. Clevenger v. Fonseca,* 55 Wn. (2d) 25, 345 P. (2d) 1098 (1959), and *Erickson v. Kongsli,* 40 Wn. (2d) 79, 240 P. (2d) 1209 (1952).

Appellant failed to make a sufficient showing of negligence to allow the case to go to the jury.

The judgment of the trial court is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.