[No. 36143.   Department One.   October 4, 1962.]

ELSIE PRESNELL, *Respondent,* v. SAFEWAY STORES, INC., *Appellant.* *

*Reported in 374 P. (2d) 939.

*Parker & Parker,* for appellant.

*Schumacher & Charette,* for respondent.

FOSTER, J.—Respondent, plaintiff below, sued for personal injuries sustained when she fell in appellant's Aberdeen supermarket. From the judgment on the verdict, which it claims is excessive, defendant appeals. Appellant contends that the evidence is insufficient on both actual causation and constructive notice and that an exhibit was erroneously admitted.

Respondent was a regular customer of appellant, and, on the day of the accident, was shopping in its supermarket with a friend who testified that, after completing their selections, she signaled respondent to a vacant check stand near the front of the store, but, however, not in proximity with the fresh produce racks. Respondent, while approaching the check stand from an aisle, slipped and fell to the floor.

The evidence that respondent slipped on the banana peeling created a jury question. While there was no direct testimony that respondent's foot touched the banana peeling, there was, however, considerable circumstantial evidence that respondent did in fact slip on it and from which the jury could have so found and apparently did.

Respondent's companion testified that she picked up a banana peeling at the exact spot of the fall and showed it to appellant's manager, who admitted that it looked as though it had been stepped on. At the hospital, a nurse's aid removed a foreign substance from the heel of respondent's shoe.

■ While there was contradictory testimony, the resolution of that conflict was for the jury and not for this court. Negligence, like any other fact, may be proved by circumstantial evidence. *Falconer v. Safeway Stores,* 49 Wn. (2d) 478, 303 P. (2d) 294; *Wise v. Hayes,* 58 Wn. (2d) 106, 361 P. (2d) 171. Evidence of liability need not be conclusive. It is sufficient if respondent's evidence affords room for men of reasonable minds to conclude that there is greater probability that the accident happened in the manner claimed, than that it happened in a way for which appellant would not be liable. *Frothinger v. Serier,* 57 Wn. (2d) 780, 360 P. (2d) 140.

■ Appellant contends there was insufficient evidence that appellant had constructive notice of the existing danger on its floor giving rise to a duty to remove. As to business invitees, if the negligence of a storekeeper is predicated upon his failure to keep his premises in a reasonably safe condition, it must be shown that the condition has either been brought to his attention or has existed for such time as would have afforded him sufficient opportunity, in the exercise of reasonable care, to have become cognizant of it and to have removed the danger. *Mathis v. H. S. Kress Co.,* 38 Wn. (2d) 845, 232 P. (2d) 921; *Smith v. Manning's, Inc.,* 13 Wn. (2d) 573, 126 P. (2d) 44. There is no proof of actual knowledge.

Appellant asserts that the only evidence upon which the jury could find negligence based upon constructive notice is the evidence with reference to the color of the banana peeling, and that this alone is not sufficient. While we agree that the inference arising from the dark color of the banana peeling alone would not be sufficient, such is not the only proof from which constructive notice could be inferred.

Although there is no direct evidence as to how long the banana peeling was on the floor, there is, however, considerable circumstantial evidence thereof and direct proof of the frequency of inspection or cleaning.

The store manager testified that various departments of the store were swept "twice a day, some 3 times a day, in

other places maybe 20 times just depending when the debris gets on there it is swept." There was evidence that, on the day in question, the floor was generally cluttered with paper and wrappers and was dirty. There was testimony by respondent's companion and a store employee that, for several minutes prior to the accident, they saw no one eating bananas in the store, the inference being that the peeling was thrown on the floor before respondent and her companion arrived or had been there for a considerable period of time. Several witnesses testified to the dark color of the banana peeling and, while this may give rise to competing inferences, one of them is that the peeling had remained on the floor for a considerable period of time. It would be the rare case in which the exact time could be proved.

In *Louie v. Hagstrom's Food Stores,* 81 Cal. App. (2d) 601, 184 P. (2d) 708, the court said:

" . . . The true rule is that, while plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, like other facts, may be proved by circumstantial as well as by direct evidence. . . ."

Accord: *Hatfield v. Levy Bros.,* 18 Cal. (2d) 798, 117 P. (2d) 841.

The permissible period of time for the discovery and removal or warning of the dangerous condition is measured by the varying circumstances of each case. To a large extent it depends upon the opportunity for discovery open to the defendant's employees by reason of their number, their physical proximity to the hazard, and, in general, the likelihood that they would become aware of the condition in the normal course of duties. The decisive issues, therefore, are the length of time the condition is present and the opportunity for discovery under the circumstances proved. *Deagle v. Great Atlantic & Pac. Tea Co.,* 343 Mass. 263, 178 N. E. (2d) 286. Here, the approximate location of the fall was definitely established as close to and in direct view of several checkers stationed in stands at the front of the

store. Two employees testified that they walked by the area just prior to the accident and saw no banana peeling, although they obviously had an adequate opportunity for observation.

Ordinarily, it is a question of fact for the jury whether, under all of the circumstances, the defective condition existed long enough so that it would have been discovered by an owner exercising reasonable care. *Bridgman v. Safeway Stores*, 53 Cal. (2d) 443, 348 P. (2d) 696; *Louie v. Hagstrom's Food Stores, supra; Hale v. Safeway Stores*, 129 Cal. App. (2d) 124, 276 P. (2d) 118; *Sapp v. W. T. Grant Co.*, 172 Cal. App. (2d) 89, 341 P. (2d) 826; *Hatfield v. Levy Bros., supra. (Cf. DeHeer v. Seattle Post-Intelligencer, ante* p. 122, 372 P. (2d) 193.)

There was sufficient and substantial circumstantial evidence upon which the jury could have found, and apparently did find, constructive notice.

Appellant contends that its rights were prejudiced by the admission in evidence of a banana peeling which was peeled in the presence of the jury. Counsel for respondent, while examining the first witness, the store manager, produced a fresh, ripe banana. Thereafter, just prior to the noon recess, in the presence of the jury, he peeled the banana which was marked for identification, but not then offered. All this without objection. Near the evening adjournment, the store manager was recalled and asked if there was a change in color of the peeling, all without objection. After appellant's short cross-examination, the respondent offered the peeling in evidence. Whereupon appellant's counsel said, "I object to it," without stating any grounds. The exhibit was admitted.

A general objection which does not specify the particular ground on which it is based is insufficient to preserve a question for appellate review. Objections must be accompanied by a reasonably definite statement of the grounds therefor so that the judge may understand the question raised and the adversary may be afforded an opportunity to remedy the claimed defect. 4 Jones on Evidence (5th

ed.) 1836, § 976; *Marr v. Cook*, 51 Wn. (2d) 338, 318 P. (2d) 613; *White v. Fenner*, 16 Wn. (2d) 226, 133 P. (2d) 270; *United States v. Sessin*, 84 F. (2d) 667.

The appellant's final contention that the verdict of $15,000 is so large as to conclusively demonstrate that it was arrived at by passion and prejudice is without merit.

Appellant claims prejudice because of respondent's tearful testimony respecting past misfortunes including the death of her late husband, the illness of her son, and the burning of her house. The argument is that this shows the size of the verdict was reached because of the passion and prejudice so engendered. There was no objection to this testimony, and the crying spell was brief because a recess was called pursuant to a suggestion by respondent's counsel.

It is undisputed that respondent was hospitalized on three different occasions, totaling a period of more than a month, and that she incurred medical expenses in excess of $1,000. There is evidence that respondent had prospective employment beginning the week following the accident at a weekly salary of $50. She was unable to accept this employment because of the accident. There is evidence that respondent lost weight and suffered severe pain in the hips and legs and that she was unable to do even light household chores.

Respondent's physician testified that the injury could have permanent effects, and that he could not foretell when or if recovery would occur.

We are not shocked by the amount of the verdict nor was the trial court. *Cf. Jones v. Hogan*, 56 Wn. (2d) 23, 351 P. (2d) 153.

Affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.