[No. 36053.   Department One.   January 10, 1963.]

HARRY HUGHEY et al., Appellants, v. WINTHROP MOTOR COMPANY, Respondent.*

Albert & Andrews, for appellants.

Guttormsen, Scholfield, Willits & Ager and Jack P. Scholfield, for respondent.

WEAVER, J.—A jury returned a verdict for defendant. Plaintiffs appeal from an order dismissing their action with prejudice.

Plaintiffs, Mr. and Mrs. Hughey, drove their automobile into defendant's garage for minor repairs.  Mrs. Hughey

*Reported in 377 P. (2d) 640.

alighted and walked across the "dark hardwood floor" to the waiting room.

When the repairs had been completed, Mr. Hughey crossed the garage floor, tapped on the window of the waiting room, and motioned to his wife to join him.

Mrs. Hughey left the waiting room. She testified that she wore "just common-sense shoes, just ordinary walking shoes", and did not notice anything on the floor. Other witnesses testified that she walked in a normal manner.

She further stated:

". . . I think I had gone probably . . . about seven or eight feet from the door when I slipped suddenly."

There is evidence that Mrs. Hughey's dress had a large smudge on it after her fall, and that the smudge was grease.

The fall broke her hip.

Defendant pleaded contributory negligence as an affirmative defense. At the end of the evidence, plaintiffs moved to strike the defense of contributory negligence. The motion was denied. The court's instruction on contributory negligence contained the following:

". . . plaintiff still is not entitled to recover damages if *either* plaintiff was negligent and that negligence was a proximate cause of plaintiff's injuries." (Italics ours.)

Plaintiffs' first two assignments of error are directed to the court's refusal to strike the affirmative defense of contributory negligence and to the court's instruction on contributory negligence.

Perhaps we over-simplify defendant's argument in support of the contributory negligence instruction, but it appears to be this: (1) ". . . all persons at all times and under all circumstances have an affirmative duty to exercise reasonable care for their own safety"; (2) Mrs. Hughey fell while walking across defendant's garage floor; (3) therefore, it becomes a question of fact for the jury to determine whether she was exercising reasonable care for

her own safety and defendant was entitled to an instruction on contributory negligence.[1]

We do not agree because defendant's syllogism would require an instruction on contributory negligence in practically every negligence case.

"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm." Restatement, Torts § 463, p. 1227.

Contributory negligence is an affirmative defense and the burden of proving it rests on the defendant. If there is no evidence of contributory negligence, it is error to submit the issue to the jury. *Schneider v. Midwest Coast Transport, Inc.,* 51 Wn. (2d) 673, 675, 321 P. (2d) 260 (1958); *Jackson v. Seattle,* 15 Wn. (2d) 505, 512, 131 P. (2d) 172 (1942); *Farrow v. Ostrom,* 10 Wn. (2d) 666, 667, 117 P. (2d) 963 (1941). In this respect, it is analogous to the "unavoidable accident" instruction. See *Cooper v. Pay-N-Save Drugs, Inc.,* 59 Wn. (2d) 829, 836, 371 P. (2d) 43 (1962).

In *Jackson, supra,* the trial court gave an instruction on contributory negligence. This court reversed a judgment for defendant, saying,

" . . . That issue [contributory negligence] should not have been submitted to the jury unless there was substantial evidence that appellant's own negligence proximately contributed to her injury or evidence from which such negligence on her part could reasonably be inferred. . . ." (p. 512)

Defendant has not pointed out, and our review of the record has failed to disclose, a single evidentiary fact or circumstance which would support a conclusion that Mrs. Hughey's conduct fell below the standard to which she should have conformed for her own protection.

---

[1]"It is perhaps unfortunate that contributory negligence is called negligence at all. 'Contributory fault' would be a more descriptive term. . . . Rather the plaintiff is denied recovery because his own conduct disentitles him to maintain the action. . . ." Prosser on Torts (2d ed.) 285, 284.

■ Since it is error to submit to the jury an issue where there is not substantial testimony on which to base an instruction (*Burge v. Anderson*, 164 Wash. 509, 3 P. (2d) 131 (1931)), the instant case must be reversed.

Plaintiffs' remaining assignments of error are directed to two instructions given and two proposed instructions refused. In general, the instructions deal (a) with defendant's duty to keep its premises in a reasonably safe condition, and (b) with notice of the alleged breach of duty.

■ Considering the evidence, we find the instructions given within the ambit of the rule recently announced in *Presnell v. Safeway Stores, Inc.*, 60 Wn. (2d) 671, 374 P. (2d) 939 (1962), wherein the court said:

" . . . As to business invitees, if the negligence of a storekeeper is predicated upon his failure to keep his premises in a reasonably safe condition, it must be shown that the condition has either been brought to his attention or has existed for such time as would have afforded him sufficient opportunity, in the exercise of reasonable care, to have become cognizant of it and to have removed the danger. *Mathis v. H. S. Kress Co.*, 38 Wn. (2d) 845, 232 P. (2d) 921; *Smith v. Manning's, Inc.*, 13 Wn. (2d) 573, 126 P. (2d) 44. . . ."

*Falconer v. Safeway Stores, Inc.*, 49 Wn. (2d) 478, 303 P. (2d) 294 (1956), which is emphasized by plaintiffs, is not apposite. In *Falconer* the jury found, by special interrogatory, that an employee deposited the slippery substance on the sidewalk. In the instant case, there is no evidence as to how the substance (if any) was placed on the floor.

The judgment is reversed and the case remanded for a new trial. Costs on appeal shall abide the final determination of the cause. Rule on Appeal 55 (b) (1); RCW Vol. 0.

FINLEY, C. J., HILL, and ROSELLINI, JJ., concur.

March 21, 1963. Petition for rehearing denied.