[No. 38984.     Department One.     December 8, 1967.]

VICTOR HEMMEN *et al.*, *Respondents*, v. CLARK'S
RESTAURANT ENTERPRISES, *Appellant*.*

*McMullen, Brooke, Knapp & Grenier,* by *Robert J. Grenier,* for appellant.

*Geraghty, Lundin & Geraghty,* and *Patrick A. Geraghty, Jr.,* for respondents.

LAWLESS, J.†—On January 31, 1963, Mrs. Grace Hemmen

*Reported in 434 P.2d 729.

---

†Judge Lawless is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

(hereinafter called the plaintiff), attended a banquet held in a private banquet room at the Windjammer Restaurant in Seattle, operated by Shilshole Restaurants, Inc., doing business as Clark's Restaurant Enterprises (hereinafter called the defendant). During the course of the evening plaintiff tripped and fell when she attempted to leave her place at the banquet table. Subsequently, she brought this action to recover for personal injuries sustained in the fall. In her complaint she alleged as follows:

That said accident was proximately caused by the negligence of defendant in using chairs with the rear legs projecting markedly behind the back and seat of the chairs, in crowding the chairs and tables in said dining room together in such a matter [*sic*] [manner] as to leave little room for patrons, including plaintiff wife, to walk between the tables and chairs, in failing to sufficiently light the room and in failing to warn unsuspecting patrons of the danger of walking about the room without ensuring that they avoided the projecting chair legs prevalent in the room.

Defendant answered denying negligence and affirmatively alleged the defenses of contributory negligence, volenti non fit injuria and intoxication. The case was tried to the jury which found for the defendant. Plaintiff thereafter moved for and was granted a new trial on the ground that prejudicial error had been committed in instructing the jury on the issue of intoxication of the plaintiff. From the order granting the new trial defendant appeals.

Defendant assigns error to the court's failure to grant defendant's motion challenging the sufficiency of the evidence. In this regard, defendant contends that no actionable primary negligence was shown, that plaintiff was contributorily negligent and voluntarily assumed the risk as a matter of law.

■ The cases are in accord that motions challenging the sufficiency of the evidence, for a directed verdict, nonsuit, and for dismissal admit the truth of the opponent's evidence, together with all reasonable inferences arising therefrom, and require a most favorable interpretation

thereof. No element of discretion is involved, and such motions can be granted only when the court can say, as a matter of law, there is no substantial evidence to support the opponent's claim. *Anderson Feed & Produce Co. v. Moore*, 66 Wn.2d 237, 401 P.2d 964 (1965); *Frasch v. Leedom*, 62 Wn.2d 410, 383 P.2d 307 (1963). And, as the above-cited cases establish, the motion challenging the sufficiency of the evidence requires the trial court to rule, as a matter of law, on the legal sufficiency of the proof. In a negligence action tried before a jury, the challenge must be sustained if a prima facie case is not established as a matter of law. See RCW 4.56.150.

■ A proprietor of a restaurant must exercise reasonable care in maintaining his premises in a safe condition for his invitees. *Buttnick v. J. & M. Inc.*, 186 Wash. 658, 59 P.2d 750 (1936). He must also warn the invitee of any danger which is known or discoverable by a reasonable inspection by him and is not known or discoverable by the invitee using reasonable care for his own protection. See *Hartman v. Port of Seattle*, 63 Wn.2d 879, 882, 389 P.2d 669 (1964); Restatement, Torts § 343. Ordinary or reasonable care in this context means that degree of care which a man of ordinary prudence would exercise under the same or similar circumstances. See *LaMoreaux v. Fosket*, 45 Wn.2d 249, 273 P.2d 795 (1954). In an action predicated upon the failure to safely maintain the premises, in order for the proprietor's acts or omissions to constitute actionable negligence, it must be shown that the proprietor had actual or constructive knowledge of the condition, or, that the condition had existed for such a length of time as to afford a sufficient opportunity for him, in the exercise of reasonable care, to have become aware of the condition, and that he failed to either warn the invitee or failed to remove it. See *Presnell v. Safeway Stores, Inc.*, 60 Wn.2d 671, 374 P.2d 939 (1962). The question presented then is, did, under the circumstances, the proprietor breach his duty as defined above, and, if so, was that breach the proximate cause of the plaintiff's injuries?

In the instant case the record establishes that plaintiff had attended a private party in one of the defendant's banquet rooms. The room has a posted seating capacity of 30 and its dimensions are 25 feet by 19 feet. The tables were arranged in a U-shape fashion with the head table at the base of the U and with two tables extending lengthwise in the room forming the legs of the U. Although the tables were set for 30 people, there were fewer than that in attendance.

Plaintiff Hemmen was seated second from the end at one of the legs of the U of the table, with her back to the wall. On plaintiff's left at the table was Mrs. Hartzell, who occupied the end chair (facing the same direction as plaintiff). Plaintiff and the other guests testified that the lighting was subdued, however, these witnesses established that it was not dark and that a person could read. Plaintiff and those in her party testified that there was a narrow aisle (approximately 2 to 2½ feet wide) between the backs of their chairs as they were sitting in them, and the wall. The testimony also established that several of the guests experienced varying degrees of difficulty in getting into and out of their respective places at the table because of the narrow aisle and because the chairs were placed close together with a space between them of approximately 2 to 3 inches.

The circumstances culminating in plaintiff Hemmen's fall were as follows. The end chair over which plaintiff tripped was vacated by Mrs. Hartzell when she left the room after saying her "goodbyes." Plaintiff testified that she knew that Mrs. Hartzell had departed because she was looking at Mrs. Hartzell when Mrs. Hartzell pushed her chair back to leave. Plaintiff further testified that at that time she called to another lady in her group, Mrs. Bernard, and that she, plaintiff, rose to greet her. Apparently as plaintiff moved between her chair and the one vacated by Mrs. Hartzell she caught her left foot on a rear leg of the chair which had been vacated by Mrs. Hartzell. According to plaintiff Hemmen's own testimony she did not look down at the chairs, but instead kept her eyes on her friend, Mrs. Bernard. The

trial court, in viewing these facts in the light most favorable to the plaintiff, should have held that a prima facie case of primary negligence was not established.

In so holding we hasten to point out that this is not a case where negligent overcrowding was the cause of the injuries. See *O'Bauer v. Katz Drug Co.*, 49 S.W.2d 1065 (Mo. Ct. App. 1932); *Hodge v. Weinstock Lubin & Co.*, 109 Cal. App. 393, 293 Pac. 80 (1930). Even if we were to assume that such overcrowding did exist and that such a condition was somehow a breach of the proprietor's duty of care, there was no causal relationship between that condition and the plaintiff's injuries. The chair involved here was the end chair which had been vacated and positioned by a departing guest. And this is not a case where the proprietor or his employees or agents negligently left an obstacle in an aisle or passageway. See generally *McLellan Stores Co. v. Weaver*, 238 F.2d 232 (6th Cir. 1956); *Blancher v. Bank of California*, 47 Wn.2d 1, 286 P.2d 92 (1955); *Brisson v. W. T. Grant Co.*, 79 So. 2d 771 (Fla. 1955); *Brown v. Slack*, 159 Neb. 142, 65 N.W.2d 382 (1954). Compare *Evans v. Hot Shoppes, Inc.*, 223 Md. 235, 164 A.2d 273 (1960); *Case v. Cato's of North Carolina, Inc.*, 252 N.C. 224, 113 S.E.2d 320 (1960); *Sherlock v. Strouss-Hirshberg Co.*, 132 Ohio 35, 4 N.E.2d 912 (1936). See also *Lehman v. Great Atlantic & Pac. Tea Co.*, 136 A.2d 397 (D.C. Mun. Ct. App. 1957); *Presnell v. Safeway Stores, Inc., supra.* Furthermore, this is not a case involving a deceptive condition of the floor or passageway itself. See *Wardhaugh v. Weisfield's, Inc.*, 43 Wn.2d 865, 264 P.2d 870 (1953). Here the instrumentality over which plaintiff tripped was not itself inherently dangerous, it was a typical commercial dining chair. It was placed in the aisle not by the defendant, but a third party. See *Safeway Stores, Inc., v. Sanders*, 372 P.2d 1021 (Okla. 1962); *Engdal v. Owl Drug Co.*, 183 Wash. 100, 48 P.2d 232 (1935).

A restaurant proprietor is not an insurer of his invitees. There is no duty imposed on him to warn of obvious dangers created by the conduct of a third person,

unless the proprietor has actual knowledge or unless knowledge may be inferred from the surrounding circumstances or from the lapse of time. The only testimony as to a possible lapse of time was that of the plaintiff:

Q. So you observed Mrs. Hartzell moving her chair, pushing it in a backward fashion? A. I'm not sure whether it was pushed backward or all the way out or how it was pushed. She pushed it back enough to get out. Q. So when you were talking about "back" you mean she moved it some direction to the rear? A. Well, she moved it toward the wall, yes. Q. Did you glance at the chair that Mrs. Hartzell had vacated? A. No. . . . Q. The chair wasn't touching you, the back of the chair wasn't against you? A. No. Q. Did you notice the location of the chair? A. No. Q. In other words you didn't glance at the chair nor did you notice the location of the chair? A. No. Q. But you did know that Mrs. Hartzell had pushed the chair back? A. Right. I don't know for sure how far but she did push it back. Q. . . . . *Now at that time you saw a lady across the room, Mrs. Bernard? A. Right.* Q. And you called to her? A. Yes. She and Mrs. Lorraine had . . . . Q. And when you called to them you then arose from your chair? A. Yes, but I didn't arise and call at the same time. I was seated when I called. (Italics ours.)

While ordinarily it is a question of fact for the jury whether, under all the circumstances, a defective condition existed long enough so that it would be discovered by an owner exercising reasonable care, *Presnell v. Safeway Stores, Inc., supra,* all of the testimony indicates that there was in fact no lapse of time in which the defendant could have corrected the unfortunate positioning of the chair by a departing guest.

The order granting a new trial is reversed and the cause is remanded with direction to dismiss the action.

FINLEY, C. J., HILL, ROSELLINI, and HALE, JJ., concur.