24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank G. BELTRAN and Rosemary Beltran, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
Kevin WARD and Elizabeth Ward, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 93-15040, 93-15041.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided May 4, 1994.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs Ward and Beltran appeal the grant of summary judgment in favor of the United States. On appeal, the cases have been consolidated. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 * Background
 
 
 5
 Plaintiffs, the employees of a subcontractor, were injured on the job during the construction of a United States Post Office in Half Moon Bay, California. The terms of the contract between the United States and the independent general contractor, Hodgson Construction Company ("Hodgson"), required Hodgson and its subcontractors to comply with OSHA's safety regulations and the government's Construction Safety Manual, which included the requirement that floor openings had to be covered. The United States hired Group 4 Architects ("Group 4") to ensure that Hodgson and its subcontractors complied with the terms of the contract, including the safety regulations. If employees of the United States or Group 4 saw an unsafe condition, they were required to bring it to the attention of Hodgson or its subcontractors. Certain United States and Group 4 employees were authorized to stop work until the unsafe condition was corrected. No later than October 31, 1989, Yvonne Chang, project manager for the United States Postal Service, knew or should have known that a floor opening existed at the job site where plaintiffs were injured. On November 7, 1989, plaintiff Ward was injured when he was guiding a steel beam which was being moved by a forklift driven by his foreman. Ward stepped to the side to avoid the floor opening, and the forklift ran over his leg. On November 24, 1989, plaintiff Beltran was injured at the same job site when he fell from a ladder and landed at the edge of the floor opening. Both plaintiffs received workers' compensation benefits for their injuries.
 
 II
 Standard of Review and Applicable Law
 
 6
 We review the grant of summary judgment de novo. Church of Scientology v. IRS, 991 F.2d 560, 562 (9th Cir.1993). In performing this review, we view the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986). Accordingly, plaintiffs' evidence must be believed, and all justifiable inferences are drawn in their favor. Id.
 
 
 7
 Plaintiffs sued the United States under the Federal Tort Claims Act ("FTCA") which provides that the government's liability is to be determined "in the same manner and to the same extent as a private individual in like circumstances." 28 U.S.C. Sec. 1346(b); Kangley v. United States, 788 F.2d 533 (9th Cir.1986). Because plaintiffs' accidents occurred in California, these actions are governed by California law. Id.
 
 III
 Analysis
 
 8
 Peculiar Risk. The district court granted summary judgment on the ground that plaintiffs failed to produce evidence raising a genuine issue of fact that special risks of inherent danger existed in connection with construction of the post office and, therefore, the peculiar risk doctrine did not apply to impose liability on the United States. Hughes v. Atlantic Pacific Constr. Co., 194 Cal.App.3d 987, 240 Cal.Rptr. 200 (1987).
 
 
 9
 On July 19, 1993, after the district court had granted summary judgment and all briefs on appeal had been filed, the California Supreme Court decided Privette v. Superior Court of Santa Clara County, 5 Cal.4th 689, 21 Cal.Rptr.2d 72 (1993). Privette narrows the availability of the "peculiar risk" doctrine so that if an injury is compensable under the workers' compensation benefits scheme, the injured and compensated employee has no tort remedy against the party who hired an independent contractor. Id., 5 Cal.4th at 702. Accordingly, because plaintiffs received workers' compensation benefits, they have no tort remedy under California's "peculiar risk" doctrine against the United States.
 
 
 10
 Control. Plaintiffs also contend that the United States is liable for their injuries under the rule of "Negligence in Exercising Control Retained by Employer" set forth in Restatement (Second) of Torts, Sec. 414. We disagree. Plaintiffs produced no evidence to show that the United States retained control over the methods of performing the details and manner of work on the job. See Martinez v. Asarco, Inc., 918 F.2d 1467 (9th Cir.1990). Plaintiffs' evidence showed only that the United States retained the general right to enforce compliance by Hodgson and its subcontractors with the terms of the contract, including safety regulations. However, in order for Restatement Sec. 414 to apply, "... the employer [United States] must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped ... There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." Restatement (Second) of Torts Sec. 414, cmt. c.
 
 
 11
 Because plaintiffs produced no evidence to show that the United States retained control over the methods and details by which Hodgson and its subcontractors physically performed their work, the United States is not liable to plaintiffs under the "retained control" theory.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3